**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Buford PEAK, Defendant-Appellant.**

**No. 73–2035.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1974.

Decided July 5, 1974.

Don H. Major, Mulhall, Major & Turner, Louisville, Ky., on brief, for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., on brief, for plaintiff-appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was indicted on three counts. Two counts alleged that he caused the knowing interstate transportation of a stolen truck, in violation of 18 U.S.C. § 2312 (1970). One count charged that appellant aided and abetted in knowing possession of a stolen truck, in violation of 18 U.S.C. § 2 (1970). The jury found him guilty on Counts 1 and 3. The District Judge sentenced him to two years, with each count to run concurrently.

Two material issues are presented. First, on motion of the defendant, the District Judge granted a discovery

order requiring the government to produce for inspection by defendant's counsel all physical evidence which it intended to introduce. It is clear that this instruction was not complied with completely. What appellant claims were very incriminating documents pertaining to the theft of the truck and corroborating evidence of certain phone calls, consisting of toll records of the telephone company, were introduced by the government without any prior notice to the defendant. On subsequent objection Judge Swinford ruled that because of violation of his order, the physical evidence would be stricken. He held, however, that the failure to turn over these documents was inadvertent. As a consequence, he allowed oral testimony about the same data which was contained on these records to be introduced.

The District Judge in this instance followed the sanction of exclusion of evidence found in Rule 16(g) of the Federal Rules of Criminal Procedure. On this issue we believe the District Judge's rulings were appropriate and that they clearly were not an abuse of the discretion which a trial judge must have in ruling on evidence. *See* Hansen v. United States, 393 F.2d 763, 769–70 (8th Cir.), cert. denied, 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968).

Secondly, appellant argues that the Assistant United States Attorney who tried this case continually went outside the record in his argument to the jury with prejudicial information and comments, and that the District Judge erred in not granting a mistrial on this basis.

Appellant sought our review of this issue against the standard of Berger v. United States:

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. * * *

"It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

Since appellant's objections to the United States Attorney's argument pertained to evidence which was scattered through the whole transcript, our review of this issue has occasioned our reading of the entire record. That experience has led this court to the conclusion that this record contains prejudicial error which requires reversal for new trial.

Several of appellant's objections to the United States Attorney's argument related to his recital of evidence from law enforcement personnel and telephone company employees pertaining to a certain house and to certain phone calls which the government contends were used by appellant's accomplices in stealing the truck. The excluded physical exhibits discussed above were related to these phone calls and this house. But government witnesses testified orally about these same matters and the District Judge ruled the oral testimony to be admissible. As to these objections, we find no error.

■ A matter of much greater concern was the United States Attorney's expression of his personal conviction that appellant was a person of bad character. Such an expression is directly violative of the *Berger* standard quoted above. *See also* Donnelly v. De-Christoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) (Decided May 13, 1974). Absent the prompt and stern admonition of the trial judge, we would consider such a prejudicial comment grounds for reversal for mistrial in any close case.

The comment and the District Judge's handling of the matter is set forth below:

[MR. KIRKLAND:] "Now, their defense is, number one, 'I didn't do it.'; number two, 'I am a man of good character.' What kind of character does this man have? Anyway, I don't think I would have made that defense. I think I would have kept my character out of it. This man has the worst character and reputation of anybody in Madison, Indiana.

"MR. MAJOR: Judge, I object.

"THE COURT: Objection sustained. That is not justified by the evidence. There has been no evidence as to what his character was except the witnesses who testified that it was good. Under the law the United States cannot put his character in issue unless he himself testifies and puts it in issue. Then the United States has a right to attack it and counter attack it. There have been no witnesses appear here for the United States and the cross-examination of the witnesses who testified as to the character of the defendant was based on questions which were asked them from the district attorney, but there is no proof that those matters which they were questioned about have to do with his reputation or that they are necessarily true. They were just questions which he asked the witness, testing their knowledge of the character and reputation of the defendant. The United States could have produced witnesses if they had had them to rebut the testimony of these character witnesses for the defendant, but they did not produce them."

■ Finally, however, in two instances the United States Attorney made references to threats of physical harm. The United States Attorney said:

"That is not a bunch of boys out joyriding. It was somebody who was experienced in stealing things, who was experienced in big money operations and getting things done. People on the phone—'break your fingers'—

'shoot somebody.' I think probably some of us are in more danger than we know by vigorously prosecuting this case. We have to take that risk. All these police officers have to take that risk. It is a threat and this man wants to carry it out."

Although the District Judge on defendant's objection struck this comment and admonished the jury that the record did not support it, it seems unlikely that the jury could forget or put aside such a prosecutorial comment.

And in spite of prior admonitions, the United States Attorney returned to this sort of theme. Referring to defendant's brother, whom one police officer testified that he thought he saw taking pictures of police activity, the United States Attorney extrapolated:

"First of all, if you don't have anything to hide, why are you hanging around with a tape recorder or a camera? Why are you trying to find out who is investigating the case? Do you want to do something to them? Is that why you wanted to know? Why would I want to know who was investigating the case against you? Are you going to try to buy him off or blow up his house?"

While there was admissible testimony by witness Hoffman that defendant Buford Peak had made threats about witness Spann if Spann did not go through with the truck deal, the references to threats to police and prosecutors and to bribery of police are totally unsupported in the record. They cannot be justified as fair inferences. They may, of course, represent some extrajudicial knowledge of the prosecutor. But even so, he is not privileged to testify in the guise of a closing argument.

We have considered the recent pronouncements on due process standards outlined in Donnelly v. DeChristoforo, *supra*. Our instant case, however, is a federal prosecution and here the standards of Berger v. United States, *supra*, apply in full force.

The judgment of conviction is vacated and the case is remanded for new trial.