**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Bradley ANDERSON,
Defendant-Appellant.**

No. 76–1561.

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1977.

Decided Sept. 26, 1977.

Carl G. Becker, Richard Paul Zipser, Becker & Zipser, P. C., Southfield, Mich., for defendant-appellant.

Eldon Webb, U. S. Atty., Richard E. Duerr, Jr., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, and CELEBREZZE and ENGEL, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellant appeals his conviction under 18 U.S.C. § 922(a)(6) (1970), for making false statements to a licensed firearms dealer. He was acquitted by the jury of an additional charge of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1). He received a sentence of five years imprisonment. Three issues are raised on appeal: 1) whether the District Court erred in limiting the manner in which peremptory challenges could be exercised; 2) whether the District Court erred in restricting the scope of the voir dire of prospective jurors; and 3) whether the Government attorney's closing argument was so improper and prejudicial as to warrant reversal of the conviction. For the reasons stated below, we affirm.

Appellant was represented at trial by two attorneys. The lead defense counsel was from Detroit, Michigan. He was assisted by local counsel. During the voir dire examination, the District Judge interrupted the defense's questioning of prospective jurors on three occasions. The first interruption occurred after defense counsel propounded a general question to the panel whether anyone expected the accused to testify. He then addressed a prospective juror by name and asked whether that juror would want the accused to testify. The Court asked counsel to approach the bench and admonished him for singling out a juror and questioning him in an argumentative manner. He informed counsel that he would only permit a juror to be questioned individually when that juror gave an unsatisfactory response to a general question asked of the panel. Defense counsel resumed the examination, but was interrupted again by the Court when he asked the prospective jurors' reaction to the defense of entrapment. At the bench, the Court instructed defense counsel that he was not entitled to question the jury as to whether or not they believe in certain defenses. The Court explained that it would be time enough to define entrapment for the jurors in the instruction, if the issue was still in the case, and that to broach the subject prematurely would only serve to confuse the jurors. The third interruption of the voir dire by the Court was instigated by defense counsel's declaration that the Government had the burden of proving guilt beyond a reasonable doubt or "moral certainty." The Court cautioned defense counsel about instructing the jurors on matters of law and noted that beyond a reasonable doubt does not mean beyond all doubt.

After voir dire of the original twelve jurors was completed, the Government asked that two of the jurors be excused. Two new jurors were called and examined. The Government then accepted the panel. The defense asked that three of the original jurors be excused. They were replaced by three new jurors who were examined and accepted by the Government. The defense then attempted to exercise peremptory challenges against two jurors it had previously passed. The Court declined to excuse these two jurors explaining that, as a matter of local rule, once a party passes on a juror he is presumed to be accepted and further peremptory challenges are confined to openings remaining to be filled on the panel. The Court would not permit the defense to peremptorily challenge the two jurors passed, but restricted the exercise of peremptory challenges to the three remaining vacancies on the jury. Defense counsel moved to withdraw his previous challenges and to reinstate the two jurors of the original twelve. He explained that he had assumed that procedures for exercising peremptory challenges would be the same in federal court in Kentucky as they are in Michigan. The Court overruled the motion to reinstate the excused jurors stating that the only ground offered by counsel was his own "shortcomings." The jury was empaneled with the challenged jurors as members.

 Rule 24(b) of the Federal Rules of Criminal Procedure provides that defendants are entitled to ten peremptory challenges as a matter of right. The rule is silent, however, on the manner in which the peremptories are to be exercised. Traditionally, a wide latitude of discretion is accorded the trial court in the selection of jurors. *United States v. Mayes,* 512 F.2d 637, 644 (6th Cir.), *cert. denied* 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975). *See generally* 8A J. Moore, Federal Practice ¶ 24.04 at 24–33, 34 (2d ed. 1976). As Professor Wright has observed:

It is well established that the federal court is not bound to the particular method of selecting a jury that is required by state law, and where the subject is not controlled by statute, the order in which peremptory challenges shall be exercised is in the discretion of the court. The rules do not prescribe any particular method of exercising peremptory challenges, and the practice varies widely from district to district, regulated only by local rule or local custom.

2 C. Wright, Federal Practice and Procedure: Criminal § 387 (1969). The trial

judge's discretion, although broad, is not unlimited. The Supreme Court has stressed the importance of peremptory challenges on numerous occasions. *See, e. g., Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Justice Harlan, writing for the Court in *St. Clair v. United States*, 154 U.S. 134, 148, 14 S.Ct. 1002, 1008, 38 L.Ed. 936 (1894), declared "that any system for the impaneling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of his right of peremptory challenge, must be condemned . . ." *See also Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894). Appellant submits that the District Court violated the *St. Clair* principle by unduly restricting the exercise of the defense's peremptory challenges. We disagree. As the authorities cited above indicate, the method for exercising peremptory challenges remains largely a matter of local rule. *See generally The Jury System in the Federal Courts*, 26 F.R.D. 409, 468 (1960). Appellant does not dispute that the District Court's ruling on the order in which peremptory challenges were to be exercised is in accordance with an established local rule in the Eastern District of Kentucky. That fact alone distinguishes this case from one relied on by Appellant, *United States v. Sams*, 470 F.2d 751, 753–55 (5th Cir. 1972). In *Sams* a visiting judge surprised local defense counsel by holding him to an unfamiliar procedure for exercising peremptory challenges. The procedure in *Sams* was identical to that imposed in this case and similar to the procedure upheld by the Supreme Court in *St. Clair*. *Compare United States v. Sams*, 470 F.2d at 752, and *St. Clair v. United States*, 154 U.S. at 147–48, 14 S.Ct. 1002. The primary reason cited by the *Sams* Court for not following *St. Clair* was "that the trial court here did not follow a standing rule of the district, by which all counsel practicing there were bound, and

presumably on actual notice . . . ." 470 F.2d at 753. Since the District Court's ruling here was consistent with the local rule the *Sams* exception does not apply and the general principles stated in *St. Clair* should be followed. We conclude that the District Court did not abuse its discretion in limiting the manner in which peremptory challenges could be exercised. *See St. Clair v. United States*, 154 U.S. at 147–48, 14 S.Ct. 1002. *See also United States v. Mackey*, 345 F.2d 499 (7th Cir. 1965); *Philbrook v. United States*, 117 F.2d 632 (8th Cir. 1941). We note that the local rule does not purport to limit the number of peremptory challenges available to a party, only the manner of their exercise. We also do not find that the District Court abused its discretion in overruling the defense motion to withdraw challenges previously made. Defense counsel's ignorance of the local rules is not a compelling ground for granting such a motion, particularly when he was assisted by local counsel who should have been aware of the rule.

■ Conduct of the voir dire is another area which Rule 24(a) leaves largely to the discretion of the trial Court. *See generally* 8A J. Moore, Federal Practice ¶ 24.03. Under Rule 24(a), the Court may permit counsel to conduct the examination or may itself conduct the voir dire.[1] *See id.* ¶ 24.03 at 24–25, 26. Rule 24(a) invests wide discretion in the trial judge in determining what questions may be asked veniremen, and the trial court's determination will not be disturbed without a clear showing of abuse of discretion. *United States v. Blount*, 479 F.2d 650, 651 (6th Cir. 1973). *See also United States v. Owens*, 415 F.2d 1308, 1315 (6th Cir. 1969), *cert. denied* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 406 (1970). *See generally* 8A J. Moore, Federal Practice ¶ 24.03 at 24–25, 26. The trial court must exercise its discretion "subject to the essential demands

---

1. (a) Examination. The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper.

Fed.R.Crim.P. 24(a).

of fairness." *Aldridge v. United States*, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931). The essential function of voir dire is to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel.[2] *United States v. Blount*, 479 F.2d at 651. *See generally* 2 C. Wright, Federal Practice and Procedure § 381 at 27. The trial court may abuse its discretion when limitations placed on the scope of examination threaten to undermine the purpose for conducting a voir dire of prospective jurors. *See United States v. Carter*, 440 F.2d 1132, 1134–35 (6th Cir. 1971). In *United States v. Blount*, 479 F.2d at 651, we held that "a requested question should be asked if an anticipated response would afford the basis for a challenge for cause." In *Blount* we ruled that the trial court abused its discretion in refusing to allow defense counsel to ask prospective jurors if they could accept the proposition of law that a defendant is presumed to be innocent, has no burden to establish his innocence, and is clothed throughout the trial with a presumption of innocence. Similarly, in *United States v. Carter*, 440 F.2d at 1134–35, we found reversible error in the denial to a black defendant of the opportunity to question venireman concerning racial prejudice. In both cases we recognized that the lower court's rulings may have interfered with the defendants' right to trial before an impartial jury. *But see United States v. Owens*, 415 F.2d at 1315.

■ After careful review of the transcript of the voir dire, we conclude that Appellant's right to trial before an impartial jury was not compromised by the District Court's rulings. The District Court certainly may protect a prospective juror from unnecessary and argumentative examination. The Court was also within its discretion in chastising defense counsel for prematurely instructing the jury on the Government's burden of proof. The rule of instructing the jury on the law to be applied is performed exclusively by the trial court.

■ The most serious question raised by Appellant is whether the District Court violated the spirit of *United States v. Blount*, 479 F.2d at 651, when it refused to allow defense counsel to question the jurors about their reactions to the defense of entrapment.[3] We need not reach this issue, however, since Appellant abandoned entrapment as a defense during the course of trial.

Finally, we also reject Appellant's contention that comments made during the prosecutor's closing argument were so prejudicial as to warrant reversal of the conviction. Although we are mindful that a prosecuting attorney bears a special responsibility to see justice done and to refrain from improper methods to secure a conviction, *see Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), we find that the comments made during the Government's closing argument do not approach the level of impropriety which have led us in the past to reverse a conviction due to the overzealousness of the prosecutor. *See United States v. Smith*, 500 F.2d 293, 294–99 (6th Cir. 1974); *United States v. Peak*, 498 F.2d 1337, 1338–39 (6th Cir. 1974).

---

2. Examination of prospective jurors, or "veniremen" as they are sometimes called, gives the parties an opportunity (1) to determine whether statutory qualifications are met; (2) to determine the existence of actual bias or prejudice as a basis for excusing jurors for cause, and (3) to exercise peremptory challenges against those jurors thought to be hostile or unsympathetic. Challenges for cause are determined by the court, while peremptory challenges are "exercised in the party's sole discretion."

8A J. Moore, Federal Practice ¶ 24.03 at 24–25 (footnotes omitted).

3. This question is far from settled. The Third Circuit has declined to follow *United States v. Blount* and has chosen instead to follow another line of precedent which holds that it is not an abuse of discretion for a district court to refuse to permit counsel to question jurors concerning propositions of law. *United States v. Wooton*, 518 F.2d 943, 946–47 & n. 7 (3d Cir. 1975). *See also United States v. Crawford*, 444 F.2d 1404 (10th Cir. 1971) (per curiam); *United States v. Gillette*, 383 F.2d 843 (2d Cir. 1967); *Grandsinger v. United States*, 332 F.2d 80 (10th Cir. 1964) (per curiam); *Stone v. United States*, 324 F.2d 804 (5th Cir. 1963).

The Judgment of the District Court is affirmed.