**UNITED STATES of America**

**v.**

**Edgar Eugene HELMICK.**

**No. CR–2–80–5.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 23, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn. by Guy Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Ben Hooper, Newport, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

It is represented that the Carolyn King, who is named in the indictment herein as a victim of the crime charged against the defendant Mr. Helmick, is also a member of one panel of the petit jurors who are currently serving in this division of the Court, and that she will likely be a witness at the trial. The defendant moved the Court to continue the trial of this action until such time as new veniremen have been impaneled on, the ground that the foregoing situation " * * * could possibly taint any juror who might be called in this case due to the fact that they have [sic] served with Carolyn L. King since June 20, 1979. * * *" Factually, such a possibility could not exist.

The Court notices judicially from its records that Mrs. King has never served as a juror with any member of any of the 3 panels of veniremen who have been summoned for service at the trial of Mr. Helmick. Neither is there presently the slightest intimation that any member of these panels might not be completely fair and impartial.

The Court is not cited to, and has not located, any authority establishing the *per se* type of rule apparently advocated by the defendant. The essential purpose of voir dire examination is to insure the impaneling of a fair and impartial jury. *United States v. Johnson*, C.A. 6th (1978), 548 F.(2d) 148, 155[11, 12], certiorari denied (1979), 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.(2d) 469; *United States v. Anderson*, C.A. 6th (1977), 562 F.(2d) 394, 398; *United States v. Blount*, C.A. 6th (1973), 479 F.(2d) 650, 651.

The Court will examine on *voir dire* the prospective members of the jury and will permit counsel to so do, in such a manner as to insure that any jury impaneled will be fair and impartial. If, after voir dire examination, it should appear that a fair and impartial jury cannot be impaneled, then the Court will certainly not require Mr. Hemlick to be tried at that time. Before this Court will permit the defendant to stand trial, it will be convinced beyond any reasonable doubt that a fair and impartial jury has been impaneled.

The motion for a continuance hereby is OVERRULED, but without prejudice to its renewal after voir dire examination has been completed.