UNITED STATES of America

v.

Walter ROJAS.

No. F CR 84–15–01.

United States District Court,
N.D.Indiana,
Fort Wayne Division.

May 9, 1985.

David H. Miller and Christina McKee, Asst. U.S. Attys., Fort Wayne, Ind., for plaintiff.

Alan Karten, Miami, Fla., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the Motion for New Trial filed by defendant Walter Rojas. Both sides have filed briefs supporting their respective positions. Oral argument was held on Rojas' motion on May 1, 1985. Having considered the respective arguments and the applicable law, for the following reasons, Rojas' motion for new trial will be denied.

### Factual Background

On November 6, 1984 a Magistrate's complaint was issued, charging Walter Rojas and others with conspiracy to violate 21 U.S.C. § 841(a)(1), specifically charging Rojas and others with conspiracy to distribute cocaine. Said conspiracy charge was an alleged violation of 21 U.S.C. § 846. The government made a motion to detain Walter Rojas and others, pursuant to 18 U.S.C. § 3142(f)(1)(C), (2). A detention hearing was held November 14, 1984. At that detention hearing, evidence was introduced regarding the details of the alleged conspiracy. Details of that alleged conspiracy elicited at the detention hearing included a series of telephone conversations between Rojas and others regarding the date, time and place of delivery of cocaine.

An indictment was handed down by the grand jury on December 6, 1984 and was kept sealed until December 10, 1984. That December 6 indictment charged Walter Rojas and others with conspiracy, pursuant to 21 U.S.C. § 846, to violate 21 U.S.C. § 841(a)(1) by allegedly conspiring to distribute cocaine. The December 6, 1984 indictment also charged Walter Rojas with three counts of violating 21 U.S.C. § 843(b),

that is, knowingly or intentionally using a communication facility to facilitate the commission of an act constituting a felony. On December 19, 1984, Rojas' present counsel, Alan Karten, entered an appearance on behalf of Walter Rojas. Further, on December 19, 1984, defendant Rojas and others were arraigned on the December 6, 1984 indictment. Trial was set in this cause for February 11, 1985. The telephone conversations were discussed at that arraignment. The court asked that all pretrial motions be filed within ten (10) days of the arraignment. On January 14, 1985, Rojas, through his counsel, filed ten (10) pretrial motions, one of which was a motion for leave to file additional motions. On January 16, 1985, the court held a hearing on all pending motions and reset the trial date to March 11, 1985. Much of the pretrial logistical discussions between the court and Rojas dealt with the telephone conversations and how they were to be played at trial, translated at trial (the conversations took place in Spanish) and transcribed for trial.

On January 24, 1985 defendant Rojas filed three (3) additional motions: (1) a motion to suppress evidence; (2) a motion to dismiss counts VIII, X and XII of the December 6, 1984 indictment; and, (3) a motion to suppress contents of wire or oral communication intercepted and/or evidence derived therefrom. The subject of the motion to suppress the oral or wire communications included the three telephone conversations which were the subject of counts VIII, X and XII. An evidentiary hearing was held on that motion on March 7, 1985 before Judge Kanne, another judge of this district. A pretrial conference was scheduled in this matter for February 5, 1985. On February 4, 1985 Rojas' counsel moved to be excused from attendance at the pretrial conference and stated that the counsel had "filed all necessary motions in the above referenced matter[.]" The court granted Rojas' counsel's motion to be excused from the February 5, 1985 pretrial conference. On February 5, 1985, pursuant to an oral request made earlier by Rojas' counsel, the court referred defendant's motions to suppress to the Chief

Judge of this district for reassignment to another judge for hearing.

On February 8, 1985, this court granted defendant Rojas' motion to dismiss counts VIII, X and XII of the indictment. In the motion to dismiss the three counts, charging violations of 21 U.S.C. § 843(b), Rojas contended that the counts were fatally defective because they failed to allege a specific felony. Rojas did not file a memorandum in support of his motion. This court, through its own research, discovered controlling precedent from the United States Court of Appeals for the Seventh Circuit on the issue of the sufficiency of a charged count alleging a violation of 21 U.S.C. § 843(b). The court concluded that the three counts alleging violations of § 843(b) were fatally defective for pleading purposes because the counts lacked any specification or identification of the controlled substance involved.

The Seventh Circuit, in *United States v. Hinkle,* 637 F.2d 1154, 1158 (7th Cir.1981), held that the controlled substance involved in an alleged violation of § 843(b) must be specifically identified in a charged count because without a defendant being able to know which of the over 142 controlled substances specified in 21 U.S.C. § 812 is involved, a defendant cannot prepare a defense or establish a record to defend against the possibility of double jeopardy. This court concluded that the failure to name the specific controlled substance involved rendered counts VIII, X and XII of the December 6, 1984 indictment not minimally sufficient for pleading purposes. Although the court dismissed the three counts, evidence already before the court and the parties indicated that all knew which alleged controlled substance was involved (cocaine).

Mr. Karten, Rojas' counsel, later informed the court that he was aware of the controlling Seventh Circuit case when he filed his motion to dismiss, accompanied by no supporting memorandum. He informed the court that

> My original motion to dismiss the indictment was part of my plan and strategy in the defense of the case. I was hoping when I filed that motion that the government and the court—and I state that very frankly—would miss the Seventh Circuit case. I filed that motion merely as a hope that the Seventh Circuit later on would not find that I waived the issue on appeal.

> I did not have to do any preparation, I felt, on those three counts of the indictment; because I knew I had a winner on appeal; and I knew I had a judgment of acquittal.

> When the government filed a superceding indictment, at that point, I then had to make whatever preparation was necessary at that point in order to defend those three counts.

Transcript of May 1, 1985 oral argument at pages 5–6. In other words, defendant's trial strategy included setting traps for the court in order to create issues on appeal.

It is important to note that the indictment handed down on December 6, 1984 was not dismissed on Rojas' motion, only counts VIII, X and XII of the indictment were dismissed. Thus, at the time this court granted defendant Rojas' motion to dismiss counts VIII, X and XII of the indictment, count I, the conspiracy count, of the December 6, 1984 indictment was still outstanding.

On February 25, 1985, a superseding indictment was returned. Count I of the February 25, 1985 indictment is identical in every respect to count I of the December 6, 1984 indictment. In fact, the February 25, 1985 indictment is identical in every respect to the December 6, 1984 indictment with the exception that the counts alleging violations of 21 U.S.C. § 843(b) specifically identify cocaine as the controlled substance involved in the alleged violations of § 843(b), the substance of which allegation was known to defendant Rojas at least as early as the detention hearing held November 14, 1984. It was the February 25, 1985 indictment upon which the government went to trial and to which jeopardy attached.

An initial appearance was held on the superseding indictment before the Magis-

trate on February 27, 1985. Defendant Rojas appeared without his counsel. On March 1, 1985, the Clerk of the United States District Court for the Northern District of Indiana, Fort Wayne Division, received a letter from Rojas' counsel in which Mr. Karten waived defendant Rojas' right to an initial appearance hearing and a detention hearing. Mr. Karten stated that the fact that Rojas was presently being detained "would make these hearings moot as to Mr. Rojas." In that letter, Mr. Karten also stated that "If the Court has no objection, I would appreciate having Mr. Rojas' arraignment prior to the commencement of the trial on March 11, 1985. David Miller has advised me that he has no objection to this request." Rojas file, Docket No. 231.

Also on March 1, 1985, Mr. Karten on behalf of Walter Rojas filed a motion to set specifically Rojas' arraignment. In that motion Karten asked the court to set the arraignment specially and stated as two of the grounds for that motion that (1) the defendant was recently reindicted in the above styled cause and (2) "specially setting the referenced arraignment will not prejudice either party." Rojas file, Docket No. 228. In accordance with Rojas' motion the court set arraignment for Walter Rojas on the reindictment on March 11, 1985. Rojas was arraigned March 11, 1985.

On March 12, 1985, a jury trial commenced on the February 25, 1985 indictment. At no time prior to or during the trial of this matter, did Mr. Karten, on behalf of Walter Rojas, make any attempt to bring the matter of thirty (30) days additional preparation time to the court's attention nor did Rojas' counsel move for a continuance in order to have more time to prepare his defense. During the voir dire and impaneling of the jury, after the initial voir dire and opportunity for challenge had passed on juror no. 9, defendant Rojas through his counsel Alan Karten moved to back strike juror no. 9. At the side bar, the court inquired as to the reason for wanting to strike juror no. 9 after defendant had previously passed juror no. 9. The defendant Rojas had no explanation as to

why he wished to back strike juror no. 9 nor could he offer any prejudice that he felt would result from having juror no. 9 remain. Rojas' counsel stated that he was attempting to preserve and make a record on appeal. The court clearly implied to Rojas' counsel that it would allow the juror to be stricken if Rojas' counsel articulated a reason for the striking. The court denied his request to back strike juror no. 9. There is no contention that the court did not allow defendant Rojas to exercise his peremptory challenges or challenges for cause regarding juror no. 9 when juror no. 9 was initially voir dired and examined.

On March 15, 1985, the jury returned its verdicts. The jury found defendant Rojas guilty as charged on counts I, VIII, X and XII. On March 22, 1985, defendant Rojas through his counsel Alan Karten filed a motion for new trial listing two grounds for that motion. Those grounds were that (1) the court erred in its prevention of defendant Rojas' back striking jurors; and, (2) the court erred in trying defendant within thirty (30) days of a superseding indictment without written waiver of the defendant.

At the oral argument held in this cause on May 1, 1985, Mr. Karten could not identify any actual prejudice his client suffered by proceeding to trial on March 12, 1985. Nor could Mr. Karten identify any actual prejudice he suffered in preparation for the March 12, 1985 trial. Any potential prejudice or delay he suffered in preparing his client's defense on the three § 843(b) counts came as a result of Mr. Karten's hope that the court would not find controlling precedent regarding sufficiency of indictments on § 843(b) charges and would deny his motion to dismiss the three counts citing only routine cases.

Mr. Karten represented that he did not do any preparation between the December 6, 1984 indictment and the granting of the motion to dismiss by this court on February 8, 1985 because he thought he had a "winner on appeal." Mr. Karten maintained that it was only after the govern-

ment filed a superseding indictment on February 25, 1985 that he then had to make whatever preparation was necessary in order to defend those counts. However, these potential grounds for prejudice are not grounds of prejudice based on lack of time for preparation. A simple time computation reveals that sufficient time was there for Mr. Karten in which to prepare on the three counts and on the conspiracy count. In fact, Rojas did prepare and implement a defense.

### Back Striking Juror No. 9

The first ground of defendant Rojas' motion for new trial concerns the court's refusal to allow defendant Rojas to back strike juror no. 9 after defendant Rojas had passed on using one of his ten peremptory challenges during the seating of juror no. 9. Defendant Rojas also raises the issue of the defendant's lack of notice as to the method used by this court in jury selection.

 The manner in which peremptory challenges are exercised is a matter within the discretion of the trial court. The Seventh Circuit recently reaffirmed its holding that:

> The manner in which peremptory challenges are exercised is within the sound discretion of the trial court, and in the absence of violation of settled principles of criminal law, federal statutes, or constitutional rights of defendant, such discretion is not abused.

United States v. Mackey, 345 F.2d 499, 502 (citations omitted) (7th Cir.), cert. denied, 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69 (1965) quoted with approval in United States v. Dennis, 737 F.2d 617, 619 (7th Cir.1984). See also United States v. Anderson, 562 F.2d 394 (6th Cir.1977). No settled principles, statutes or rights were violated here by this court's refusal not to allow Rojas to back strike juror no. 9 in the absence of any allegation harm or prejudice would occur if the court did not allow Rojas to back strike juror no. 9.

In Mackey, the Seventh Circuit specifically approved the proper use of a trial court's discretion to refuse to allow a peremptory challenge to a juror once the initial opportunity to challenge has been passed. Mackey, 345 F.2d at 502–03. The Supreme Court has also approved the practice. St. Clair v. United States, 154 U.S. 134, 147–48, 14 S.Ct. 1002, 1007–08, 38 L.Ed. 936 (1894). Trial courts have the discretion not to permit the striking of a juror after the initial opportunity to strike by peremptory challenge passes. Accord Carr v. Watts, 597 F.2d 830 (2d Cir.1979); United States v. Pimental, 654 F.2d 538 (9th Cir.1981); United States v. Turner, 558 F.2d 535 (9th Cir.1977).

Defendant Rojas does not allege that he was denied his right to a peremptory challenge of juror no. 9 when such juror was initially presented to defendant Rojas for voir dire examination and challenge. Defendant Rojas attacks the court's refusal after juror no. 9 had been seated as a juror to allow defendant Rojas to exercise a peremptory challenge and back strike juror no. 9. Defendant Rojas complains that he was not on notice as to the method and procedure for jury selection since the Local Rules for the Northern District of Indiana do not contain any rule concerning the method and procedure for the exercise of peremptory challenges. The counsel for Rojas was not made aware of the local custom of this court not to permit back striking of jurors until the jury selection process had begun. Defendant Rojas does not identify any prejudice or potential prejudice which resulted from the court's refusal to allow him to back strike juror no. 9 after failing to use a peremptory challenge or a challenge for cause to strike juror no. 9 at the time of juror no. 9's voir dire and examination nor could he identify any prejudice at the time of his request to back strike juror no. 9. Any error which might have resulted from the court's refusal to permit the back striking of juror no. 9 was harmless.

It is true that the Local Rules do not detail the manner in which peremptory challenges are exercised in the Northern District of Indiana. It is not an abuse of discretion for this court not to allow back

striking of jurors through the use of a peremptory challenge once a defendant has had the opportunity to have additional questions asked of the juror, to hear those answers and to then first, have the opportunity to challenge the juror for cause and second, have the opportunity to exercise one of his peremptory challenges. Defense counsel for Rojas had adequate and ample opportunity to challenge juror no. 9, at the time of the initial voir dire and examination either for cause or through use of a peremptory challenge. The defense counsel for Rojas chose not to exercise a challenge. When the request was made to back strike juror no. 9, defense counsel had no explanation as to what circumstances, if any, had changed since the initial voir dire of juror no. 9. The court clearly implied that it would grant counsel's request if any reason could be given. The defense counsel stated that he was merely attempting to create a record for appeal on the issue. The court then simply denied his request.

Having carefully examined the voir dire examination and the local custom for the exercise of peremptory challenge in this court, the court concludes that the refusal to allow the back striking of a juror without cause being articulated is not an abuse of discretion. The refusal to allow the back striking of a juror where no cause or prejudice can be articulated is not a per se violation of any settled principles, statutes or rights and is not grounds for a new trial. Defendant Rojas is not entitled to a new trial based upon this issue.

### Possible Violation of Thirty-Day Rule

This second issue raised by Rojas in his motion for a new trial raises several difficult issues based upon the particular and peculiar facts involved in this case. The only Seventh Circuit case close to the facts and issues presented by this case is *United States v. Horton*, 676 F.2d 1165 (7th Cir. 1982), *cert. denied*, 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983). In *Horton*, the first indictment in that criminal case had been dismissed by the district court on motion of the government. The grand jury handed down a reindictment of the defend-

ant. The reindictment contained fewer counts, but charged the same offenses. The defendant moved for a thirty day continuance pursuant to 18 U.S.C. § 3161(c)(2). That request was denied by the trial court. The Seventh Circuit held that there was no Speedy Trial Act violation in the district court's denial of a thirty day continuance, stating, "[A] fair implication of the statute is that reindictment for the same offense is permissible and that the time period begins to run with the first indictment." *Id.* at 1170. Thus, the Seventh Circuit rule with regard to reindictments for the same offense(s) is that the thirty day minimum time period prescribed by § 3161(c)(2) runs from the date of the first indictment, not from the date of the reindictment.

It is absolutely clear that 18 U.S.C. § 3161(d)(1) provides that:

If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1). The crucial time period at issue in this case is the time period provided in § 3161(c)(2) which states:

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

18 U.S.C. § 3161(c)(2).

The defendant strenuously argues that the indictment, returned by the grand jury

on December 6, 1984, was dismissed by this court on the motion of the defendant, thus, automatically triggering the minimum thirty day period provided in § 3161(c)(2). An expansive reading of § 3161(d)(1) could lead this court to conclude that the indictment was dismissed upon motion of the defendant. A reasonable reading of § 3161(d)(1) leads this court to conclude that the indictment handed down December 6, 1984 was not dismissed upon motion of the defendant. In any event, even if the court were to conclude that § 3161(d)(1) triggers the minimum thirty day trial preparation period as to counts VIII, X and XII, the counts actually dismissed on defendant's motion, the court could not conclude that count I of the December 6, 1984 indictment, the conspiracy count, was dismissed upon motion of the defendant as count I of the indictment was not the subject of defendant's motion to dismiss, was not dismissed by this court, and was used, word for word, in the reindictment as count I, handed down February 25, 1985. Count I charges violation of the same offense in both indictments.

An examination of § 3161(d)(1) reveals that Congress made an important distinction in determining what events would trigger anew the § 3161(c) time periods. Congress specifically provided in § 3161(d)(1) that if any part of a complaint is dismissed or dropped and any part is thereafter brought again, the time periods begin anew. Congress did not specifically provide that the time periods would begin anew where any charge contained in an indictment or information is dismissed on a defendant's motion. It would be ludicrous to argue that Congress did not realize that often indictments or informations contain several charges. Congress obviously knew that criminal complaints could contain several charges because Congress provided that the time limits begin anew if any charge contained in a complaint is dis-

missed or otherwise dropped and later brought again.

■ The court concludes that Congress did not intend for § 3161(d)(1) to apply to those situations where only charges or counts and not the entire indictment or information are dismissed upon motion of the defendant. The defendant attacked only three of the four counts of the indictment in which he was named. Although the court granted his motion to dismiss those three counts, the court did not dismiss count I of the December 6, 1984 indictment, the conspiracy count. Thus, § 3161(d)(1) is inapplicable to this situation because the indictment was not dismissed upon motion of the defendant.[1]

Having concluded that § 3161(d)(1) does not apply to the facts of this case does not end the court's inquiry. The court is still left with the thorny issue of whether, in a reindictment or superseding indictment situation, § 3161(c)(2) applies. This issue encompasses both the situation where the first indictment is still outstanding when the superseding indictment is brought and the situation where the first indictment was dismissed on the government's motion and a superseding indictment was later brought. The issue as stated also sets forth the secondary issue of whether, if § 3161(c)(2) applies in superseding or reindictment situations, the failure to follow § 3161(c)(2) can be harmless error.

The Seventh Circuit case previously discussed gives a straightforward answer to the issue as presented. *Horton* holds that, in a reindictment situation, where the reindictment charges the same offenses, thus, necessitating no new or change in defense strategies, the thirty day time period provided by § 3161(c)(2) runs, as does the maximum seventy day time limit provided in § 3161(c)(1), from the date of the first indictment. This holding, that a reindictment or superseding indictment for the same of-

---

**1.** If one assumes that § 3161(d)(1) triggers the thirty day time period as to counts VIII, X and XII, then the question becomes whether the error of not giving Rojas thirty days or obtaining a waiver can be harmless. The court hereby incorporates its analysis, *infra,* which concludes that a § 3161(c)(2) error can be harmless and that, under the facts of this case, any § 3161(c)(2) error would be harmless.

fenses is permissible and that the time period begins to run from the first indictment is in accord with several other circuits. *United States v. Rush,* 738 F.2d 497 (1st Cir.1984); *United States v. Guzman,* 754 F.2d 482 (2d Cir.1985); *United States v. Todisco,* 667 F.2d 255 (2d Cir.1981), *cert. denied,* 455 U.S. 906, 102 S.Ct. 1250, 71 L.Ed.2d 444 (1982); *United States v. Williford,* 727 F.2d 1106 (5th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 270, 83 L.Ed.2d 206 (White, J., dissenting); *United States v. Dennis,* 625 F.2d 782 (8th Cir. 1980) (pre-1979 case). The conclusion by these circuits that reindictment for the same offenses, where the superseding indictment does not necessitate any change in defense strategy, does not require the giving of a new § 3161(c)(2) minimum trial preparation period, is in direct conflict with the position of the United States Court of Appeals for the Ninth Circuit.

It is the Ninth Circuit position upon which defendant Rojas' motion for a new trial and accompanying argument is based. The Ninth Circuit's position on the § 3161(c)(2) minimum time period is that, regardless of whether the indictment involved is a new indictment, a reindictment or a superseding indictment, a defendant will not be "forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial.*" *United States v. Harris,* 724 F.2d 1452, 1455 (9th Cir.1984) (*Harris* court's own emphasis). The Ninth Circuit has also held that § 3161(c)(2) "essentially establishes that any pretrial preparation period shorter than 30 days is inadequate *per se.* A violation of section 3161(c)(2) thus should be treated like an erroneously denied motion for a continuance, because both of these procedural errors deny a defendant a fair trial by forcing him into court before he has had adequate time for preparation." *United States v. Daly,* 716 F.2d 1499, 1506 (9th Cir.1983), *cert. dismissed,* — U.S. —, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984). *See also United States v. Arkus,* 675 F.2d 245, 248 (9th Cir.1982) (where defendant reindicted after dismissal of an indictment on government's motion, defendant is entitled to thirty days pursuant to § 3161(c)(2)).

There is, thus, an obvious split among the circuits as to when and how § 3161(c)(2) applies in a reindictment or superseding indictment situation. The United States Supreme Court has granted certiorari in a Ninth Circuit case, *United States v. Rojas-Contreras,* — U.S. —, 105 S.Ct. 1167, 84 L.Ed.2d 319 (1985). The questions presented to the United States Supreme Court for decision in the *Rojas-Contreras* case will be: (1) Does defense preparation period provision of Speedy Trial Act, 18 U.S.C. § 3161(c)(2), prohibit commencement of trial within 30 days of defendant's arraignment on a superseding indictment when defense preparation period of 30 days has been allowed following arraignment on original indictment; and, (2) In the circumstances of that case, was any violation of § 3161(c)(2) harmless.

This court is unable to agree with the Ninth Circuit position that, regardless of the circumstances, any pretrial preparation period shorter than thirty days is inadequate per se and requires automatic reversal of conviction. This court concludes that the Seventh Circuit and the other circuits in accord with the Seventh Circuit position have taken the better approach to implementing the basic fundamental policy behind § 3161(c)(2) which is to "ensure that a defendant is not required by the time limits prescribed by the Act to proceed to trial without an adequate period to prepare a defense." *Arkus,* 675 F.2d at 248. *See also Rush,* 738 F.2d at 511; *United States v. Mers,* 701 F.2d 1321, 1322 (11th Cir. 1983); *United States v. Wooten,* 688 F.2d 941, 951 (4th Cir.1982). In reindictment or superseding indictment situations, where the later indictment charges the same offenses and necessitates no changes in or new formulations of defense strategies, the § 3161(c)(2) trial preparation time period runs from the date of the original indictment.

Congress intended that § 3161(c)(2) act to ensure that no defendant would be

brought to trial pursuant to the Federal Speedy Trial Act so quickly that a defendant would not have time to prepare. The whole purpose of § 3161(c)(2) is to guarantee that a defendant has counsel and that that counsel has had the time to formulate defense strategies, to prepare for trial, and to review discovery. Section 3161(c)(2) has not been violated in this case. The defendant had more than thirty days preparation from the time of the original indictment, the date from which this court has concluded the thirty day time period began to run. The original indictment was handed down December 6, 1984 and trial did not commence until March 12, 1985. The defendant was reindicted on the same offenses charged in the December 6, 1984 indictment on February 25, 1985; no new defense strategies needed to be formulated nor were any real changes needed.

The defendant Rojas had more than ample opportunity to prepare for trial, and, in fact, did prepare for trial, following the handing down of the first indictment on December 6, 1984. Defendant's present counsel appeared in this matter December 19, 1984 and immediately began preparation of defense strategies and began arranging to view discovery. From the very beginning, the telephone conversations which are the subject of counts VIII, X and XII of both indictments, were known, discovered, and discussed. The telephone conversations which are the subject of counts VIII, X and XII are part and parcel of count I of this case. All discovery undertaken between Mr. Karten's appearance in the case and the trial in March involved the three telephone conversations.

In all, Mr. Karten filed thirteen (13) separate pretrial motions on behalf of his client. One of those pretrial motions was a motion to suppress contents of wire or oral communication intercepted and/or evidence derived therefrom. The wire or oral communications which were the subject of that motion to suppress included the three telephone conversations which formed the basis of counts VIII, X and XII. An evidentiary hearing on that motion was held prior to trial. There is no factual basis in the record for any argument to be made that sufficient time was not available to have allowed Rojas the adequate opportunity to prepare his defense.

Rojas' counsel represented that he deliberately did not do any preparation on the three telephone counts as part of his trial strategy because he hoped that the government and the court would miss controlling precedent in the Seventh Circuit regarding pleading sufficiency. Mr. Karten filed his motion January 24, 1985. It was granted February 8, 1985. The pleading defect was cured in counts VIII, X and XII in a superseding indictment handed down February 25, 1985. The fact that Mr. Karten underestimated the court and the court's ability to know controlling precedent in its own circuit is not evidence that Rojas was not provided adequate opportunity to prepare his case, but is evidence either of poor judgment or a choice in defense strategy made by Rojas' counsel in preparing his defense. It is evidence that Rojas had adequate time to prepare his defense. No § 3161(c)(2) violation occurred; Rojas received his thirty days trial preparation time and more.

The point of the Federal Speedy Trial Act and its time limits is to guarantee a defendant a speedy trial where his counsel is prepared to mount a defense on his behalf. It is certainly not the point of the Federal Speedy Trial Act to guarantee a defendant procedural loopholes or traps to garner a new trial. That entire concept promotes delay of resolution of the case and frustrates the very purposes and policies underlying the Federal Speedy Trial Act.

█ Assuming, for argument's sake, that counts VIII, X and XII of the February 25, 1985 indictment were not the same offenses charged in counts VIII, X and XII of the December 6, 1984 indictment and changes in or new defense strategies were necessary, the court would conclude that § 3161(c)(2) would apply, if the matter was brought to the trial court's attention by a motion for continuance and harm could be shown. *See, infra.* However, § 3161(c)(2)

would not apply, in any event, to count I of the February 25, 1985 indictment.

Count I fits squarely within the holding of the Seventh Circuit in *Horton.* Count I as constituted in the February 25, 1985 indictment is a reindictment of the same offense charged in the original indictment (and charged in the November 6, 1984 Magistrate's complaint) and no new or changes in defense strategies were necessitated by the reindictment. Even if the court were to grant a new trial on counts VIII, X and XII because of a § 3161(c)(2) violation, it would not grant a new trial on count I. The reindictment did not change the government's case nor the conceivable defenses by Rojas; Rojas suffered no prejudice on count I. The great bulk of the evidence adduced at trial was relevant and admissible as to count I; Rojas could not argue he was prejudiced by the improper joinder of counts VIII, X and XII. *Accord Guzman,* 754 F.2d at 486 (§ 3161(c)(2) error required only reversal of conviction on affected count).

■ Even if this court were to conclude that § 3161(c)(2) was violated as to counts VIII, X and XII because the defendant Rojas went to trial on March 12, 1985 on a superseding indictment handed down February 25, 1985, this court would conclude that any error was harmless. That conclusion would be based upon two factors: (1) the defendant had ample opportunity to formulate and to prepare a defense upon all counts of the February 25, 1985 indictment which named Walter Rojas; and, (2) the defendant never brought the issue of an additional thirty days to the court's attention either prior to or during the trial of this matter.

The main charge against Walter Rojas was count I of the indictment upon which he went to trial, the conspiracy charge. Count I of the February 25, 1985 indictment to which jeopardy attached is identical in every respect to count I of the December 6, 1984 indictment, also naming Walter Rojas and alleging an involvement in a conspiracy to distribute cocaine. All of the discovery went and related to the conspiracy charge. It is true that this court, through its own research, since Mr. Karten chose not to bring to the court's attention controlling precedent in the Seventh Circuit, held that counts VIII, X and XII of the December 6, 1984 indictment had to be dismissed for pleading defects. However, the fact that the court granted defendant's motion to dismiss counts VIII, X and XII does not alter the fact that all parties, including Walter Rojas and his counsel, knew the basic subject matter of those offenses and of count I and further knew that the controlled substance involved was cocaine. All of the discovery disclosed to Walter Rojas related to count I as well as relating to counts VIII, X and XII of the indictment. In preparing for a defense of Walter Rojas on count I of the indictment, Karten, necessarily, was preparing a defense to counts VIII, X and XII of the indictment.

There simply is no prejudice present on the record due to the failure of this court to give Rojas thirty additional days for trial preparation or to obtain a written waiver of an additional thirty days trial preparation time, if thirty additional days were due Rojas. Any prejudice which may have resulted from not continuing the trial for thirty additional days stems from the trial strategy formulated and implemented by Rojas' defense counsel regarding counts VIII, X and XII. There is no allegation whatsoever that the superseding indictment in any way caused Rojas' defense strategy to be changed or altered as it related to the main charge against Walter Rojas, count I of both indictments, the conspiracy charge.

Even assuming for the sake of argument that some prejudice could have resulted or did result from there not being a continuance of the trial for thirty days, the court concludes that Rojas' failure to bring the potential error to the court's attention when it could have corrected that error is fatal to Rojas' argument. In every case cited to the court by the parties and found and examined by the court in determining Rojas' motion for new trial, the defense

counsel brought the matter of the thirty days to the court's attention in each case by making motions for continuance. As the Ninth Circuit stated in *Daly*,

The necessity of alerting the trial court is of special importance when it is contended that the trial is set prematurely because if the error is called to the court's attention, a continuance may be granted. Here the judge was alerted by the motion for continuance and the objections of counsel to the early trial setting.

*Daly*, 716 F.2d at 1506 n. 5.

The court fully agrees with Rojas' counsel's statement that, under the express statutory language of § 3161(c)(2), a waiver of the thirty day minimum trial preparation time period must be in writing; there cannot be a waiver of § 3161(c)(2) by silence of either a defendant or a defense counsel. But, noting that § 3161(c)(2) requires a written waiver does not answer the question of whether a defense counsel on behalf of his client must alert the trial court to an allegedly premature setting of a criminal trial or to the defendant's need for additional time to prepare for trial.

The *Daly* court noted that § 3161(c)(2) cannot be waived by silence, but it also strongly noted that it was necessary for the potential error to be brought to the trial court's attention. The purpose behind the thirty day time period is to allow adequate preparation of a defense; its purpose is not to allow a defendant to formulate a trial strategy where the potential error is not brought to the trial court's attention in order to gain a second chance, with a new jury, if the defendant is convicted. If this court agreed with the defendant's position that he can take advantage of a procedural error in trial setting when he did not bring that error to the trial court's attention when it could and would have corrected it, then the court would be condoning a position that frustrates the very purpose of the Federal Speedy Trial Act which is to avoid delay and to effect speedy resolution of criminal matters.

In short, this court concludes that the defendant Rojas is not entitled to a new trial on the issue of a possible violation of § 3161(c)(2). The indictment of December 6, 1984 was not dismissed on defendant's motion, thus triggering § 3161(d)(1). The February 25, 1985 indictment was substantially the same indictment handed down December 6, 1984 as to counts VIII, X and XII and identically the same indictment as to count I. The thirty day time limit of § 3161(c)(2) ran from the December 6, 1984 indictment. No § 3161(c)(2) violation occurred. Even assuming § 3161(c)(2) applies to counts VIII, X and XII, it does not apply to count I. No § 3161(c)(2) error occurred on count I as it was absolutely identical in both the December 6, 1984 and February 25, 1985 indictments. Assuming § 3161(c)(2) applies, any error which resulted on counts VIII, X and XII of the indictment was harmless. Finally, assuming § 3161(c)(2) applies and further assuming some prejudice resulted from not granting defendant Rojas an additional thirty days, the defendant cannot prevail upon that ground because the defendant was aware of the potential error prior to and during trial and did not bring the potential error to the court's attention until after the court was powerless to correct the error except for the court's power to grant a new trial and to allow defendant Rojas a second chance in the judicial system, with a different jury.

### Conclusion

Accordingly, on the basis of the foregoing, defendant Rojas' motion for new trial is hereby DENIED.