**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael ARKUS, Defendant-Appellant.**

**No. 81–1191.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1982.

Decided April 23, 1982.

Robert M. Levenberg, Los Angeles, Cal., for defendant-appellant.

Henry H. Rossbachor, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee; Frederick M. Flam, Los Angeles, Cal., on brief.

Before WRIGHT and FLETCHER, Circuit Judges, and MEREDITH *, Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge.

Arkus was convicted on eight counts of mail fraud, and contends that dismissal of his indictment is required by the government's failure to bring him to trial within the 70-day time limit imposed by the Speedy Trial Act, (Act) 18 U.S.C. § 3161 *et seq.* (1976 and Supp. III 1979), and because his constitutional right to a speedy trial was violated. We affirm his conviction.

## FACTS

On July 31, 1980, Arkus and three business associates were indicted and arraigned on numerous counts of mail fraud in violation of 18 U.S.C. § 1341. Trial was set for October 7, 1980. On September 11, Jack Karen, a critical government witness, died. The government did not learn of the death until September 25. It confirmed Karen's death on September 30, and moved on October 3 to dismiss the indictment as to each defendant, pursuant to Fed.R.Crim.P. 48(a).

On December 23, only Arkus was reindicted for essentially the same offenses. He appeared with counsel for arraignment on December 29. The district court was advised that the case required special trial setting consideration because, at the time the first indictment was dismissed, only six days remained under the original 70-day period for commencement of trial under the Act. 18 U.S.C. § 3161.

The prosecutor also informed the court that under 18 U.S.C. § 3161(c)(2) (Supp. III 1979),[1] Arkus could not be compelled to commence trial in less than 30 days from the date of the second arraignment absent an express waiver. With that information, the court set trial for February 3, 1981, calculating a 36-day period from the arraignment that included the unexpired six

---

* Of the Eastern District of Missouri.

1. 18 U.S.C. § 3161(c)(2) (Supp. III 1979) provides:

   Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

days which remained after dismissal of the first indictment, and the 30-day period required by section 3161(c)(2).

On January 13, 1981, Arkus moved to dismiss the indictment for violations of the Act and the Sixth Amendment guarantee to a speedy trial. The court denied the motion, and ordered that a 23-day period between September 11, 1980 and October 3, 1980, be excluded from the 70-day period because an essential government witness had been unavailable during that time and because the ends of justice required such an exclusion. 18 U.S.C. §§ 3161(h)(3)(A), 3161(h)(8)(A) (1976).[2]

The court excluded also the 20-day period from January 13 to February 2, 1981 because Arkus' motion to dismiss was pending before the court during that time. 18 U.S.C. § 3161(h)(1)(F) (Supp. III 1979).[3] A jury found Arkus guilty of eight counts of mail fraud.

## DISCUSSION

### I. Speedy Trial Act

The Speedy Trial Act requires the dismissal of the indictment against a defendant not brought to trial within 70 days after arraignment, excluding those periods provided by the statute. 18 U.S.C. §§ 3161(c)(1) (Supp. III 1979), 3162(a)(2) (1976). *See United States v. Nance*, 666 F.2d 353 (9th Cir. 1982).

When an indictment is dismissed upon motion of the government, and a subsequent indictment charges the same offense, the period that elapsed pursuant to the first indictment is included in computation of the 70-day period applicable to the reindictment. *See* S.Rept.No. 93–1021, 93d Cong., 2d Sess. 38 (1974). *See also United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980) (dictum); *United States v. Sebastian*, 428 F.Supp. 967, 975 (W.D.N.Y.1977), *aff'd without opinion*, 578 F.2d 1372 (2d Cir. 1978).

Arkus was not brought to trial until 186 days after his original indictment. Eighty-one days were excludable because he was not subject to an indictment between October 3 and December 23, 18 U.S.C. § 3161(h)(6) (1976), and 20 days were excludable because his motion to dismiss was pending between January 13 and February 2, 1981. 18 U.S.C. § 3161(h)(1)(F) (Supp. III 1979). This left 85 days, 15 more than permitted under the Act.

The government argues that an additional 23 days were excludable because an essential witness was unavailable before the first indictment was dismissed. 18 U.S.C. § 3161(h)(3)(A) (1976). It argues also that Arkus' trial began at the earliest possible time because it could not begin after rein-

**2.** 18 U.S.C. § 3161(h) (1976) provides in pertinent part that the following periods be excluded in computing the time within which a trial must commence:

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

. . . . .

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a speedy trial.

We do not consider the conclusion that the ends of justice required excluding the period after Karen's death. The district court failed to make the explicit findings required by 18 U.S.C. § 3161(h)(8)(A) (Supp. III 1979). *See United States v. Nance*, 666 F.2d at 353, 355 (9th Cir. 1982); *United States v. Fielding*, 645 F.2d 719, 722 (9th Cir. 1981).

**3.** 18 U.S.C. § 3161(h)(1)(F) provides, in pertinent part, that the following period be excluded in computing the time within which a trial must commence:

Any period of delay resulting from other proceedings concerning the defendant, including but not limited to

. . . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]

dictment for 30 days, absent an express waiver. 18 U.S.C. § 3161(c)(2) (Supp. III 1979). Because we agree with the latter contention, we need not address what constitutes an "essential witness."

The Speedy Trial Act provides that absent a waiver, no trial may commence within thirty days subsequent to the arraignment. 18 U.S.C. § 3161(c)(2) (Supp. III 1979). The Central District's Plan for Prompt Disposition of Criminal Cases (PPD) apparently conflicts with that provision of the Act. Section 5 of the PPD provides:

> In circumstances [in which] the 70-day time limit for commencing trial on a charge in an indictment . . . is determined by reference to an earlier indictment . . . pursuant to Section 4(d), *the 30-day period shall also be determined by reference to the earlier indictment* . . . .

(Our emphasis).

The PPD had been approved by the Ninth Circuit Judicial Council but, if it conflicts with the Act, the latter controls. The 30-day provision was enacted to ensure that a defendant is not required by the time limits prescribed by the Act to proceed to trial without an adequate period to prepare a defense. *See* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, at 71–73 (1980).

In the case of a reindictment, a defendant may in fact need less time to prepare his defense because some preparation was undertaken before the original indictment was dismissed. Nevertheless, given that the period between dismissal of the original indictment and reindictment may be considerable, we believe Congress intended that the 30-day period apply also in cases of reindictment.

In the instant case, the district court set Arkus' trial date 36 days after reindictment. The court added the 30 days provided for by 18 U.S.C. § 3161(c)(2) (Supp. III 1979) and the six days remaining from the 70-day period under the original indictment in calculating the trial date.

Absent a waiver by Arkus, his trial could not begin earlier than 30 days after indictment. The district court erred, however, in adding the six days left after the original indictment. Those should have been included in the 30-day period.

This computation would have insured that trial began as quickly as possible while giving Arkus an adequate time to prepare his defense. Nevertheless, because Arkus moved to dismiss the indictment prior to the expiration of the 30-day period mandated by the Act, and the period during which his motion was under consideration was excludable time,[4] his trial began within the 30-day period. The Speedy Trial Act was not violated.

## II. Sixth Amendment Claim

Arkus argues that the six month delay between the filing of the original indictment and his trial violated his right to a speedy trial as guaranteed by the Sixth Amendment. Even if the delay is calculated from the date the original indictment was filed, the delay cannot be considered presumptively prejudicial. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Nance*, 666 F.2d at 360. Arkus also has failed to demonstrate that he suffered any actual prejudice as a result of the delay. *Nance*, 666 F.2d at 361. There was, therefore, no violation of the constitutional right to a speedy trial.

---

4. *See* note 3 *supra*. The Senate Committee Report accompanying the amendments adding the 30 day provision states:

> It is the Committee's intent that the exclusions provided in Section 3161(h) apply to the 30-day minimum to-trial provision. Therefore, if an event occurs which would automatically exclude time under subsection (h), . . . that time is not only excluded from computing the time within which the trial must occur . . . but time would also automatically be excluded in computing the 30-day minimum period of time, during which the judge could not schedule trial without the defendant's consent.

A. Partridge, *Legislative History of Title I of the Speedy Trial Act· of 1974*, at 73–74 (1980).

## CONCLUSION

The Speedy Trial Act was not violated because Arkus' trial commenced within the 30-day period from the time of indictment mandated by the Act. Neither was the Sixth Amendment violated. The convictions are affirmed.