**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Starr Renee HARRIS,
Defendant-Appellant.**

No. 83–5051.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1983.

Decided Feb. 3, 1984.

Sharon McCaslin, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

W. Michael Mayock, Los Angeles, Cal., for defendant-appellant.

Before SKOPIL, FERGUSON and CANBY, Circuit Judges.

FERGUSON, Circuit Judge:

Starr Renee Harris was convicted after a bench trial on two counts of possession of property known to be stolen from a bank in violation of 18 U.S.C. § 2113(c). Harris appeals her conviction on the grounds that she was tried in violation of the Speedy Trial Act's 30-day minimum trial provision, 18 U.S.C. § 3161(c)(2), that she was denied her fifth and sixth amendment rights to due process and effective assistance of counsel, and that the evidence at trial was insufficient to support her conviction. We find that Harris was tried in violation of the Speedy Trial Act, and therefore reverse her conviction.

The evidence introduced at trial established that Harris' co-defendant, Linda Kemp, was employed by Union Bank, a bank insured by the Federal Deposit Insurance Corporation, until she was discharged on April 7, 1982. Sometime while Kemp was still employed at the bank, a customer delivered two bearer bonds in the amounts of $5,000 and $10,000 for deposit. After she was discharged from the bank, Kemp delivered the two bonds to Harris. On April 28, 1982, an employee of the Federal Reserve Bank redeemed two bearer bonds brought in by Harris and issued her a check in the amount of $15,000. Harris deposited this check into her account at Crocker National Bank the next day. On May 6, 1982, Harris, accompanied by Kemp, attempted to withdraw over $12,000 from her account at Crocker. Agents from the Federal Bureau of Investigation were waiting at the bank for the two women.

Both women gave written statements to the FBI agents. Harris said that Kemp asked her to cash the two bonds and that Harris was to receive $3,000 for cashing them. Harris also stated that Kemp told her that the bonds were taken from Union Bank, and Harris admitted that she thought the bonds were stolen but was not sure. Co-defendant Kemp stated that on the day she was terminated she accidently placed the two bearer bonds in a brown paper bag with the rest of her personal belongings and did not discover them until later at home.

On the basis of these facts, on November 24, 1982, a two-count indictment was filed charging Harris with aiding and abetting co-defendant Kemp in the embezzlement of funds from a bank in violation of 18 U.S.C. § 656, under 18 U.S.C. § 2(a). Harris pled not guilty to the charge on December 6, 1982, and trial was set for January 25, 1983. On January 21, 1983, a superseding indictment was returned, charging Kemp in counts one and two with larceny from a bank in violation of 18 U.S.C. § 2113(b), and charging Harris in counts three and four with possession of property known to be stolen from a bank in violation of 18 U.S.C. § 2113(c). On January 25, 1983, the date scheduled for the trial on the charges in the original indictment, the court dismissed the original indictment without prejudice. Harris was then arraigned on the superseding indictment and pled not guilty.

Harris joined in the motion of her co-defendant under the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), to set a thirty-day trial date on the new indictment. The district court denied the motion, a bench trial followed immediately, and Harris was found guilty on both counts.

*The Speedy Trial Act*

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.,* provides in relevant part:

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

(d)(1) If any indictment . . . is dismissed upon motion of the defendant, . . . and thereafter . . . [an] indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent . . . indictment. . . .

*Id.* § 3161.

In denying Harris' motion for a thirty-day trial date, the district court applied section 3161(d)(1). However, the court stated that the incorporation provision of section 3161(d)(1), while incorporating section 3161(c)(1) (seventy-day maximum trial date), did not incorporate section 3161(c)(2) (thirty-day minimum trial date), and thus Harris was not entitled to an additional thirty-day period on the new indictment. The court based its interpretation on the fact that the language of section 3161(c)(2) does not refer to the time of an indictment, but only to the time of a first appearance. We hold that the trial court erred both in applying section 3161(d)(1) and in its interpretation of section 3161(c)(2).

1. *Application of Section 3161(d)(1).*

The parties each allege that the other party was responsible for the motion to dismiss the superseded indictment. By its terms, section 3161(d)(1) applies only when an indictment is dismissed on the defendant's motion.

■ It appears from the record that before Harris was arraigned on the superseding indictment, she requested that the superseded indictment be dismissed with prejudice. In response to Harris' request, the government asked that the dismissal be without prejudice. The court dismissed the indictment without prejudice, as the government had requested. We therefore find that the court dismissed the indictment on the government's motion.

■ However, our finding that section 3161(d)(1) is inapplicable in this case does not depend on our finding that the government made the motion to dismiss the indictment. Section 3161(d)(1) applies only when an indictment is dismissed on the defendant's motion and *thereafter* another indictment is filed. In this case, the second indictment was filed *before* the first indictment was dismissed and, therefore, section 3161(d)(1) does not apply.

2. *Interpretation of Section 3161(c)(2).*

■ Because we find that section 3161(d)(1) is not applicable, we need not address the government's argument that this section does not incorporate the thirty-day minimum trial provision of section 3161(c)(2). Rather, this case is controlled directly by section 3161(c)(2).

In *United States v. Arkus,* 675 F.2d 245 (9th Cir.1982), this court held that when a defendant is reindicted, section 3161(c)(2) guarantees the defendant an additional thirty-day trial date on the new indictment. It would therefore initially appear that *Arkus* compels a reversal of the district court's holding that section 3161(c)(2) did not entitle Harris to an additional thirty-day trial date on the superseding indictment. The government argues, however, that *Arkus'* does not apply when, as here, the two in-

dictments overlap. In support of this argument, the government points out that in *Arkus* a time gap existed between the dismissal of the first indictment and the filing of the second indictment.

The thirty-day trial provision of the Speedy Trial Act is meant to insure that the defendant is afforded a reasonable amount of time in which to prepare a defense:

> The legislative history underlying section 3161(c)(2) indicates the provision was meant to guarantee a minimum period of thirty days for the preparation of the defense. *See* Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, *Guidelines to Administration of the Speedy Trial Act of 1974, as Amended* ..., at 10 (1981). The "Congressional concern was that a defendant be given a *reasonable* time to obtain counsel and that counsel be provided a reasonable time to prepare the case." *Id.* at 11–12 (emphasis in original).

*United States v. Daly,* 716 F.2d 1499, 1504–05 (9th Cir.1983).

The *Arkus* court noted that "[i]n the case of a reindictment, a defendant may in fact need less time to prepare his defense because some preparation was undertaken before the original indictment was dismissed." 675 F.2d at 248. Nonetheless, the court found that Congress intended the full thirty-day protection of section 3161(c)(2) to apply in the case of reindictment. Granted, one of the court's rationales was that "the period between dismissal of the original indictment and reindictment may be considerable." *Id.* Here, there was no time gap between the indictments. However, the fact that the indictments overlap does not negate the fact that the government's conduct in obtaining a superseding indictment may in many instances serve to prejudice the defense if additional time to prepare is not granted. This is ably demonstrated by the procedural posture of this case. Harris received a copy of the superseding indictment the day before she was scheduled to go to trial on the charges in the original indictment. The government stated at oral argument that its purpose in obtaining the new indictment was to eliminate one of Harris' possible defenses. Harris was tried immediately after being arraigned on the new charges, and thus received no time to research the new offense or to change trial strategy in light of the government's action. We find such a scenario to be inconsistent with the protective purpose of section 3161(c)(2).

We therefore find the fact that the indictments overlap an insufficient basis on which to distinguish *Arkus.* We read section 3161(c)(2) as guaranteeing that the defendant is not forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial.* Such a construction is necessary to implement the protective purpose underlying section 3161(c)(2).

In *United States v. Daly, supra,* this court held that section 3161(c)(2) essentially establishes that any pretrial preparation period shorter than thirty days is inadequate *per se.* "A violation of section 3161(c)(2) thus should be treated like an erroneously denied motion for a continuance, because both of these procedural errors deny a defendant a fair trial by forcing him into court before he has had adequate time for preparation." *Id.* at 1506 (citing *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir. 1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979)). Therefore, because the district court violated the Speedy Trial Act's thirty-day provision, the appropriate remedy is reversal of Harris' conviction.

REVERSED.