**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Abraham ADU, Defendant/Appellant.**

**No. 84–1106.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 1984.

Decided Sept. 16, 1985.

George O'Connell, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Donald S. Frick, Sacramento, Cal., for defendant-appellant.

Before SCHROEDER, FLETCHER and CANBY, Circuit Judges.

CANBY, Circuit Judge:

This case requires us to interpret the Speedy Trial Act provision, 18 U.S.C. § 3161(c)(2), which prohibits the government from bringing a defendant to trial on criminal charges less than thirty days after his first appearance through counsel. The appellant, Abraham Adu, appeals from his conviction on multiple counts of aiding and assisting in the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206(2). Adu argues that his trial proceeded in violation of the Speedy Trial Act because it began less than thirty days after his first appearance through counsel on a superseding indictment.[1] We disagree with Adu's interpretation of the statute and therefore affirm his conviction.

Adu originally was indicted by the grand jury on July 27, 1983. The indictment charged that Adu had committed eighteen separate acts of criminal tax fraud in the course of his operation of a branch of the Universal Life Church in Sacramento, California. In eighteen instances Adu provided church contributors with receipts in excess of their actual contributions, and advised the contributors to use the receipts to claim fraudulent charitable deductions on their federal income tax returns. The indictment listed the date of each offense, the name of each recipient of a false receipt, the year in which the recipient fraudulently claimed a deduction, and the amount of each claimed deduction. Adu pleaded not guilty to the charges against him. After various pre-trial motions had been filed, the court appointed trial counsel for Adu on October 25, 1983. The court then set a trial date of January 24, 1984.

On January 13, 1984, the grand jury returned a superseding indictment against Adu. The superseding indictment was essentially identical to the original indictment. The only change was in Count Eight, where the grand jury corrected the names of one married couple who allegedly

---

**1.** The Supreme Court has granted certiorari to review similar issues arising from a memorandum decision of this court. *United States v.* *Rojas-Contreras,* — U.S. —, 105 S.Ct. 1167, 84 L.Ed.2d 319 (1985).

received a false receipt. Adu made his first appearance through counsel on the superseding indictment on January 17, when he was arraigned. A bench trial proceeded on February 3—less than thirty days after the arraignment. The court found Adu guilty of eleven counts of aiding and assisting in the preparation and presentation of false income tax returns.

Adu now contends that the government violated the Speedy Trial Act by bringing him to trial less than thirty days after he first appeared through counsel on the superseding indictment.[2] He points to the language of *United States v. Harris*, 724 F.2d 1452 (9th Cir.1984), where we said that section 3161(c)(2) "guarantee[s] that the defendant is not forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial.*" 724 F.2d at 1455 (emphasis in original). Adu argues that under *Harris* he was entitled to a full thirty days between his first appearance on the superseding indictment and his trial, even though the superseding indictment did not materially change the original indictment.

We must evaluate the defendant's claim in light of the purpose of the Speedy Trial Act. Section 3161(c)(2) was enacted in order to ensure that criminal defendants would have a reasonable time for trial preparation. Congress intended to provide a defendant an adequate time in which to obtain counsel, and to allow counsel adequate time in which to prepare a defense. *United States v. Daly*, 716 F.2d 1499, 1505 (9th Cir.1983), *petition for cert. dismissed,* — U.S. ——, 104 S.Ct. 1456, 79 L.Ed.2d 713 (1984). The statute establishes a minimum trial preparation period of thirty days between the defendant's initial appearance and his trial.

This court consistently has interpreted the speedy trial statute to advance its protective purpose. In *United States v. Arkus*, 675 F.2d 245 (9th Cir.1982), the government dismissed an indictment against four defendants upon the death of a key prosecution witness, and then reindicted one of the defendants nearly three months later. We held that the thirty day minimum trial preparation period applied following the reindictment because "the period between dismissal of the original indictment and reindictment may be considerable." *Id.* at 248. Then, in *United States v. Harris*, we decided that the defendant was entitled to a full thirty day trial preparation period following a superseding indictment even though the superseding indictment overlapped the original indictment. 724 F.2d at 1454–55. The superseding indictment in *Harris* arose from the same conduct described in the original indictment, but charged the defendant with a different offense. We held that the Speedy Trial Act did not permit the government to force the defendant to trial without allowing her at least thirty days to research the new charges and reevaluate her trial strategy.

In the instant case, a mandatory thirty day period between the defendant's first appearance on the superseding indictment and his trial would not promote the rights that the Speedy Trial Act was meant to protect.[3] Here the defendant was under indictment continuously from the time of his trial counsel's first appearance on his behalf until the trial itself, a period of over three months. He therefore cannot complain that he lacked notice that he was subject to criminal charges, or that he was unaware of the need to prepare diligently for trial during the thirty days preceding the trial. Moreover, the superseding indictment in this case, unlike the indictment in *Harris*, merely corrected a clerical error in

---

**2.** The relevant provision of the statute reads: "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2).

**3.** On this reasoning, the First Circuit has adopted the Government's interpretation of § 3161(c)(2) in a case similar to the one now before us. *United States v. Rush*, 738 F.2d 497 (1st Cir.1984).

**1514**

the original indictment. It neither alleged new facts nor altered the charges on which the government sought to prosecute the defendant. Adu does not contend that he did not know to whom Count Eight of the original indictment referred before the government corrected it, or that the superseding indictment otherwise affected his preparation for trial in any way. His trial preparation period extended from July 1983 —when the original charges were filed— until February 1984—when he was tried on precisely those charges.

 As Adu suggests, the Speedy Trial Act does not require a showing of prejudice to the defendant if the time limits provided by the statute are violated. *See United States v. McCown*, 711 F.2d 1441, 1448 n. 5 (9th Cir.1983); *United States v. Mehrmanesh*, 652 F.2d 766, 768 (9th Cir. 1980). In the present case, however, we are not deciding whether to approve a trial that clearly began within the statutory thirty day minimum period. Rather, we must interpret the statute to determine how to measure the thirty day period where the defendant is charged under a superseding indictment. The existence or absence of prejudice is relevant to the question whether Congress intended the thirty day period to apply following the superseding indictment on which Adu was tried.[4] The superseding indictment against Adu did not affect his trial strategy, or create a need for further legal research or factual investigation. We therefore conclude that Congress did not intend to impose a new thirty day minimum trial preparation period following this superseding indictment. We agree, however, that once a defendant has shown that the original indictment has been changed in a manner that is not merely clerical or that might affect his preparation for trial, he is entitled to thirty days between his first appearance through counsel on the superseding indictment and his

trial, regardless of whether he has actually been prejudiced.

We find that Adu's other claim on appeal—that he was denied a fair trial because the prosecutor informed the trial judge of a pending criminal tax fraud investigation of one of the defense witnesses—is without merit. We therefore affirm his conviction.

AFFIRMED.

4. In this sense, the present case resembles *United States v. McCown*. There we held that the Speedy Trial Act's thirty day limit on the time between arrest and indictment, 18 U.S.C. § 3161(b), is not violated where a superseding indictment identical to the original indictment is filed more than thirty days after arrest. Interpreting § 3161(b), we relied on the fact that the issuance of the second indictment did not deprive the defendant of notice of the charges against him or interfere with the preparation of his defense. 711 F.2d at 1448.