UNITED STATES of America, Appellee,

v.

John S. FERGUSON, Appellant.

Nos. 84–2350, 85–1588.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1985.

Decided Oct. 17, 1985.

Rehearing and Rehearing En Banc
Denied Nov. 26, 1985.

Samuel A. Perroni, Little Rock, Ark., for appellant.

Robert J. Govar, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* District Judge.

ROSS, Circuit Judge.

Appellant Dr. John S. Ferguson appeals from a final judgment entered in the district court [1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of filing a false statement with the Drug Enforcement Administration (DEA) in violation of 21 U.S.C. § 843(a)(4)(A) [2] and for knowingly and intentionally distributing a controlled substance, dilaudid, without any legitimate medical purpose in violation of 21 U.S.C. § 843(a)(1). [3] We affirm.

Appellant was on inactive status as a physician in California and as a result was prohibited from practicing medicine or prescribing medication. In January of 1982, following a complaint that appellant had obtained dilaudid, an analgesic drug six times more potent than morphine, an investigator with the California Board of Medical Quality Assurance, Shirley Poe (Poe), contacted appellant to remind him that he was not authorized to write or prescribe medication. After a second complaint, Poe requested that appellant surrender his Controlled Substance Act (CSA) registration, a permit registered with the DEA which allows medical doctors and other certified persons to legally handle controlled substances.

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable William R. Overton, Jr., United States District Judge for the Eastern District of Arkansas.

2. 21 U.S.C. § 843(a)(4)(A) provides:
 (a) It shall be unlawful for any person knowingly or intentionally—
 * * * * * *
 (4)(A) to furnish false or fraudulent material information in, or omit any material information from, any application, report, record, or other document required to be made, kept, or filed under this subchapter or subchapter II of this chapter * * * .

3. 21 U.S.C. § 843(a)(1) provides:
 (a) It shall be unlawful for any person knowingly or intentionally—
 (1) who is a registrant to distribute a controlled substance classified in schedule I or II, in the course of his legitimate business, except pursuant to * * * section 828 of this title . . . .

On August 18, 1982, appellant signed a document agreeing to surrender his CSA registration and delivered a CSA registration to Poe. Poe discovered, however, that appellant had submitted a previously expired CSA registration and, after requesting appellant's current registration, Poe was told by appellant that his current registration had been destroyed. Poe then requested and received a written statement from appellant stating that his current registration had been destroyed.

Appellant thereafter moved to Arkansas and on August 26, 1983, applied to the DEA to renew his CSA registration. On his application, appellant was asked whether he had "ever surrendered a previous CSA registration or had a CSA registration revoked, suspended or denied, other than for a change of location or entrance into military service," to which appellant answered "No." On May 22, 1984, the Federal Grand Jury for the Eastern District of Arkansas returned a one-count indictment against appellant charging him with filing a false statement to the DEA in connection with his application for renewal of a CSA registration in violation of 21 U.S.C. § 843(a)(4)(A). On August 20, 1984, a superceding indictment was issued and a charge of knowingly and intentionally distributing dilaudid without any legitimate medical purpose was added as a second count.

Count II of the indictment alleged that between May 2, 1981, and June 23, 1983, appellant injected his former spouse Marilyn Ferguson Martin (Marilyn Martin) with dilaudid and that, on at least one occasion, the injection was forced upon her. Marilyn Martin's sisters, Donna Martin and Vicki Wyatt testified that they witnessed appellant administer injections to Marilyn Martin. Donna Martin testified that on one occasion she observed appellant giving an injection to Marilyn Martin while she was unconscious. On June 21, 1983, Marilyn Martin was admitted to a Little Rock hospital in a comatose and critical condition. According to her treating physician, Dr. William Granger, large quantities of narcotic drugs were found in her body.

Prior to trial, the district court granted the government's motion in limine to prohibit defense counsel from impeaching Marilyn Martin concerning her prior convictions for attempting to obtain, and for obtaining, controlled substances by fraud. Pursuant to an Arkansas expungement statute, Marilyn Martin's record was expunged and a certificate of expungement, signed by a Pulaski County Circuit Judge, was issued to her.

Appellant filed two pretrial motions, one for relief from prejudicial joinder, and the second to exclude evidence of other crimes and bad acts of the appellant. Both motions were denied by the district court. Trial was held on September 18, 1984, and on September 20, 1984, the jury returned a verdict of guilty on both counts of the indictment. Appellant was sentenced to two years imprisonment on count II and three years probation as to count I, probation commencing upon appellant's release from imprisonment. From this conviction, appellant appeals on eight separate grounds.

## I. Speedy Trial Act

Appellant argues that his convictions should be reversed and the indictment against him dismissed due to a violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), which provides:

> Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

Appellant was tried less than 30 days after the superceding indictment and argues that a violation under this provision of the Speedy Trial Act is "inadequate *per se*" and constitutes plain and reversible error, at least to count II of the superceding indictment. Appellant cites three Ninth Circuit cases in support of his position. *United States v. Harris*, 724 F.2d 1452, 1455 (9th Cir.1984); *United States v. Daly*,

716 F.2d 1499, 1504–05 (9th Cir.1983), *cert. denied,* 465 U.S. 1075, 104 U.S. 1456, 79 L.Ed.2d 773 (1984); *United States v. Arkus,* 675 F.2d 245, 248 (9th Cir.1982).

■ This court has held that failure to raise an objection for violation under the Speedy Trial Act constitutes a waiver. *United States v. Little,* 567 F.2d 346, 349 (8th Cir.1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978). Because appellant failed to raise any objection to the trial court, appellant effectively waived his rights under the Speedy Trial Act.[4]

## II. Impeachment Evidence of Prior Crimes

Rule 609 of the Federal Rules of Evidence provides in pertinent part:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination * * * .

 * * * * * *

(c) *Effect of pardon, annulment, or certificate of rehabilitation.* Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted * * * .

Appellant argues that the expungement certificate signed by the Circuit Judge of Pulaski County was invalid because the government did not offer any evidence that the Director of the Arkansas Department of Correction took any action regarding the expungement.[5] Alternatively, appellant argues that the Arkansas expungement statute violates his constitutional right under the sixth amendment to confront witnesses brought against him. Both of these arguments are without merit.

■ The trial court is granted broad discretion in limiting the scope of the cross-examination of a witness. FED.R.EVID. 611(b); *United States v. Lee,* 743 F.2d 1240, 1249 (8th Cir.1984). This discretion includes determining whether under FED. R.EVID. 609(c) there is sufficient evidence to expunge prior convictions. *United States v. Thorne,* 547 F.2d 56, 59 (8th Cir. 1976). In the instant case, the evidence consisted of an order of expungement signed by a Pulaski County Circuit Court judge. It was not an abuse of discretion for the trial court to conclude that the order of the Pulaski County Circuit Court Judge was sufficient evidence to satisfy FED.R.EVID. 609(c).

---

**4.** Appellant's reliance on *Harris, Daly,* and *Arkus* is misplaced. Unlike the instant case, in each of those cases, the defendant made a timely objection to the district court alleging a violation under the Speedy Trial Act. Failure to make a timely objection to the trial court constitutes a waiver in the Ninth Circuit as well. *United States v. Daly,* 716 F.2d 1499, 1505–06 (9th Cir. 1983), *cert. denied,* —— U.S. ——, 104 U.S. 1456, 79 L.Ed.2d 773 (1984). *United States v. Tercero,* 640 F.2d 190, 195 (9th Cir.1980), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981).

Because appellant waived his rights under the Speedy Trial Act, this court does not address the issue of whether appellant was entitled to an additional 30-day time period following the issuance of a superceding indictment. *Cf. United States v. Harris,* 724 F.2d 1452, 1455; *United States v. Guzman,* 754 F.2d 482, 486 (2d Cir. 1985); *United States v. Horton,* 676 F.2d 1165, 1169–70 (7th Cir.1982), *cert. denied,* 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983).

**5.** Section 7 of 1975 Ark. Acts 378 provides:

CERTIFICATE OF EXPUNGEMENT. Upon completion of sentence or probation imposed under this Act, the Commissioner shall direct that the record of the eligible offender be expunged of the offense of which the eligible offender was convicted, except under such circumstances as may be determined by rules and regulations promulgated by the Board of Correction upon the advice and recommendations of the Commission. And in the case of such expungement, the eligible offender shall be entitled to a Certificate of Expungement to that effect. Upon the expungement of such record, as to that conviction, the person whose record was expunged may thereafter state in any application for employment, license, civil right, or privilege, or in any appearance as a witness that he has not been convicted of the offense for which he was convicted and sentenced or placed on probation under the provisions of this Act.

■ As for appellant's claim that the Arkansas expungement statute denies him his sixth amendment right to confront witnesses, it should first be noted that cross-examination of a witness as to prior convictions is not an absolute right to a criminal defendant in all cases:

> [The United States Supreme Court has neither held nor suggested] that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past * * * criminal convictions.

*Davis v. Alaska,* 415 U.S. 308, 321, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974) (Stewart, J., concurring).

■ A violation of the confrontation clause occurs only where the limitation on the cross-examination could reasonably be expected to have a substantial effect on the jury's decision. *United States v. Farnsworth,* 729 F.2d 1158, 1162 (8th Cir.1984). In the instant case, appellant was allowed to question, and did so question, Marilyn Martin as to the underlying facts of her prior convictions for fraud. Appellant was, therefore, afforded at least some opportunity to impair Marilyn Martin's credibility and to bolster his defense. *United States v. Witschner,* 624 F.2d 840, 844–45 (8th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 291 (1980). Under these circumstances, appellant was not denied his sixth amendment right to confront witnesses.

### III. Void For Vagueness

■ Appellant argues that the question on the application for renewal of his CSA registration which asked whether he had ever "surrendered" a previous CSA registration is unconstitutionally vague and cannot form the basis for his conviction under 21 U.S.C. § 843(a)(4)(A). Appellant argues that because the application did not ask whether appellant's relinquishment of his prior CSA registration was "voluntary" the question was unconstitutionally vague. Because this issue was not raised below, appellant's constitutional challenge is not cognizable on appeal unless it constitutes

plain error. *United States v. Huckaby,* 698 F.2d 915, 920 (8th Cir.1982), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983).

■ Penal statutes must define the criminal offense with sufficient clarity that ordinary people understand what conduct is prohibited. *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954). Appellant does not complain that the "statute", 21 U.S.C. § 843(a)(4)(A), is unconstitutional but only that question 4(c) in the application for renewal of his CSA registration is unconstitutionally vague.

■ Appellant's assertion of vagueness is contrived. The language used in question 4(c) is forthright and direct and to construe it as appellant suggests would be to ignore its plain meaning and obvious intent. *Huddleston v. United States,* 415 U.S. 814, 831–32, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974); *United States v. Willis,* 505 F.2d 748, 749 (9th Cir.1974), *cert. denied,* 420 U.S. 963, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975).

### IV. Sufficiency of the Evidence

Appellant argues that the government failed to prove that the response forming the basis of the criminal offense was false or that the allegedly false response was material. Appellant again presses his argument that because the application for renewal of his CSA registration did not state whether appellant's "surrender" of his prior CSA registration was "voluntary", the government failed to introduce adequate evidence from which the jury could find the response false. Appellant further argues that there was no evidence that his answer had any effect on the DEA's decision of whether to renew appellant's CSA registration.

■ For the reasons previously stated, appellant's argument that his answer was not false because question 4(c) did not contain the word "voluntary" is without merit. Insofar as materiality of the false

answer is concerned, the government introduced evidence by way of testimony of James N. Sheahan (Sheahan), Chief of the Registration Unit of the DEA, in which Sheahan testified that the questions on the form, including the question of whether an applicant had ever surrendered a previous CSA registration form, were relevant in deciding whether an applicant was qualified to handle controlled substances.

## V. Evidence of Other Crimes and Bad Acts

Rule 404 of the Federal Rules of Evidence provides:

(a) *Character evidence generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

\* \* \* \* \* \*

(3) *Character of witness.* Evidence of the character of a witness, as provided in rules 607, 608 and 609.

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Appellant argues that, contrary to Rule 404(b), the government was allowed to introduce highly prejudicial evidence relating to alleged crimes and bad character. Appellant presents 18 alleged errors, but only two objections to the admission of this evidence were made to the trial court. The two alleged errors for which objections were made must be reviewed under the standard of "abuse of discretion", *United States v. Hutchings*, 751 F.2d 230, 238 (8th Cir.1984) and the remaining 16 alleged errors must be reviewed under the standard of "plain error". *United States v. Vitale*, 728 F.2d 1090, 1092–93 (8th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 103, 83 L.Ed.2d 48 (1984).

■ As for the two evidentiary items for which objections were lodged, one concerned a question by the government to one of appellant's children asking whether she used cocaine with Martin and Martin's sister. The other objection concerned a question directed to appellant alleging that appellant distributed drugs to persons not called as witnesses. We find that it was not an abuse of the trial court's discretion to permit this evidence.

■ We have also carefully reviewed the remaining 16 evidentiary items and conclude that the admission of this evidence was not "plain error" by the trial court. *United States v. Vitale, supra.*

## VI. Severance of Counts

Rule 14 of the Federal Rules of Criminal Procedure provides in pertinent part:

If it appears that a defendant \* \* \* is prejudiced by a joinder of offenses \* \* \* in an indictment \* \* \*, the court may order \* \* \* separate trials of counts \* \*.

Appellant filed a pretrial motion for relief from prejudicial joinder of counts I and II of the superceding indictment on grounds that evidence relating to illegal distribution of dilaudid would have been inadmissible in a trial based solely on the filing of a fraudulent application for renewal of a CSA registration. The trial court denied appellant's motion for severance.

■ Denial of a motion to sever is not grounds for reversal unless clear prejudice and abuse of discretion are shown. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir.1980); *United States v. Losing*, 560 F.2d 906, 911 (8th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977). A showing of prejudice resulting in denial of a motion to sever requires more than a showing of a better chance of ac-

quittal at separate trials. *United States v. Dennis, supra,* 625 F.2d at 802; *United States v. Bohr,* 581 F.2d 1294, 1300–01 (8th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978). Moreover, evidence is not excludable where the evidence of each crime would have been admissible on a separate trial of the other crime. *United States v. Dennis, supra.*

 The government's theory is that appellant filed a fraudulent renewal application for a CSA registration in order to purchase drugs from pharmaceutical companies for illegal use and distribution. The government argues, in other words, that the appellant's motive for committing the offense alleged in count I of the indictment was established by evidence pertaining to count II of the indictment. Where evidence that appellant had committed one crime would be probative and thus admissible at the appellant's separate trial for another crime, appellant does not suffer any additional prejudice if the two crimes are tried together. *United States v. Dennis, supra,* 625 F.2d at 802; *United States v. Foutz,* 540 F.2d 733, 736 (4th Cir.1976). In the instant case, appellant's motive for falsifying his application for a CSA registration was related to his illegal distribution of the controlled substance and, therefore, appellant did not suffer any clear prejudice and it was not an abuse of discretion to admit this evidence.

## VII. Jury Instructions Prior to Argument

██ Rule 30 of the Federal Rules of Criminal Procedure provides:

The court shall inform counsel of its proposed action upon * * * requests [for jury instructions] but the court shall instruct the jury *after* the arguments are completed. (Emphasis added).

The trial court, without any objection by appellant, instructed the jury prior to argument. Because appellant failed to raise an objection at the time of trial, appellant's objection will not result in reversal unless the trial court's action constituted "plain error". FED.R.CRIM.P. 52(b). Although

the trial court erred in procedure we do not find the error of sufficient magnitude to amount to "plain error" and warrant reversal of the judgment. *Babson v. United States,* 330 F.2d 662, 666 (9th Cir.), *cert. denied,* 377 U.S. 993, 84 S.Ct. 1920, 12 L.Ed.2d 1045 (1964).

## VIII. Newly Discovered Evidence

Appellant argues that he should be granted a new trial based on new testimony to be elicited from appellant's former housekeeper, Joyce E. Langely (Langely). Appellant contends that Langely would testify that Marilyn Martin injected herself with drugs, that she attempted to conceal her drug use from appellant, and that she paid Langely to purchase drugs for her. The trial court denied appellant's motion for new trial.

 The grant or denial of a motion for new trial based on newly discovered evidence is within the broad discretion of the trial court and the trial court's decision will not be reversed absent a clear abuse of discretion. *United States v. Lisko,* 747 F.2d 1234, 1238 (8th Cir.1984); *United States v. Wallace,* 578 F.2d 735, 742 (8th Cir.), *cert. denied,* 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1978). This court has set forth five standards to be met before granting a motion for new trial based on newly discovered evidence:

(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*Lisko, supra,* 747 F.2d at 1238; *Wallace, supra,* 578 F.2d at 742.

 The trial court denied appellant's motion for new trial based on newly discovered evidence because Langley's testimony (1) was not in fact newly discovered since appellant knew Langely was a potential witness and merely claimed that he did not have sufficient time to locate her prior to

trial; (2) would serve only to impeach the testimony of Marilyn Martin; and (3) would probably not produce an acquittal because there was ample evidence before the jury upon which to base the conviction.

We have reviewed the district court's order and do not find an "abuse of discretion" in denying appellant's motion for new trial. Affirmed.