**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JOSE FLORES-SANCHEZ, a.k.a. Jose
Mendoza-Sanchez,
        *Defendant-Appellant.*

No. 06-10026

D.C. No.
CR-04-00802-DGC

OPINION

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted
January 9, 2007—San Francisco, California

Filed February 15, 2007

Before: Alfred T. Goodwin, A. Wallace Tashima, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Goodwin

1883

## COUNSEL

Atmore L. Baggot, Apache Junction, Arizona, for the defendant-appellant.

Emory T. Hurley, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

---

## OPINION

GOODWIN, Circuit Judge:

Jose Flores-Sanchez ("Sanchez") appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326.[1] He assigns error to: (1) denial of his motion to dismiss the indictments; (2) commencement of trial one day after his first appearance on the superseding indictment; (3) use of his prior convictions for sentence enhance-

---

[1] 8 U.S.C. § 1326 provides, in relevant part:

"(a) Subject to subsection (b) of this section, any alien who—

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States . . .

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

. . .

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."

ment purposes; and (4) alleged consideration of incorrect information at the sentencing phase. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Sanchez was deported in 1996, after accumulating a criminal record in California and Washington. In 2004 he was arrested in Arizona. After being read his *Miranda* rights, Sanchez told the border patrol agents that he was a citizen of Mexico and that he did not have documents permitting him to enter the United States.

A grand jury returned a one-count indictment on August 3, 2004, charging Sanchez with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b)(2). He made his first appearance through counsel, at the arraignment on the original indictment, on August 11, 2004. A superseding indictment issued on May 11, 2005, changing the charge to attempted illegal reentry after deportation, again in violation of § 1326(a) and enhanced by § 1326(b)(2). The superseding indictment did not allege any specific overt act committed in furtherance of reentry, stating in its entirety that:

> On or about July 5, 2004, JOSE FLORES-SANCHEZ, an alien, knowingly and intentionally attempted to enter the United States of America at or near San Luis in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about December 9, 1996, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission. In violation of Title 8, United States Code, Sections 1326(a) and enhanced by (b)(2).

Sanchez was arraigned on the new indictment on May 17. That same day he filed a motion to dismiss both indictments

"for failure to allege a material element," arguing that neither indictment alleged the aggravated felony necessary to enhance the charge against him under § 1326(b).

The jury trial began the following day, without objection on Speedy Trial Act grounds. On May 19, the district court denied Sanchez's motion to dismiss, and the jury found him guilty of attempted illegal reentry as charged.

The Presentence Report ("PSR") recommended increasing Sanchez's base offense level by sixteen pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A), because he had previously been convicted of a qualifying felony drug trafficking offense (a 1993 conviction in Yakima County, Washington). The PSR also calculated Sanchez's criminal history as within Category IV of the Guidelines sentencing table because of his 1993 conviction and two convictions he sustained in Kern County, California: felony drug possession in 1994 and misdemeanor theft in 1998. Combined with his total offense level of twenty-four, this criminal history score yielded an advisory sentencing range of seventy-seven to ninety-six months. At the sentencing hearing, the district court mistakenly stated that Sanchez admitted to the 1993 conviction in a plea agreement, even though no such agreement existed and Sanchez did not admit to the conviction. The district court imposed a sentence of seventy-seven months, the low end of the Guideline range.

## DISCUSSION

### The Superseding Indictment

[1] As noted, Sanchez challenged both the original and superseding indictments in the district court on the ground that they failed to allege any prior aggravated felony necessary to enhance his sentence under § 1326(b)(2), an omission he argued was a fatal defect requiring dismissal. He took a new approach on appeal, contending that the superseding

indictment was defective because it did not allege any overt act toward reentry, as required to sustain an attempt charge under § 1326 by our decision in *United States v. Resendiz-Ponce*, 425 F.3d 729 (9th Cir. 2005). Assuming that Sanchez did not forfeit this claim, the issue was taken away by the Supreme Court on the very day this appeal was argued. Reversing our decision in *Resendiz-Ponce*, the Court held that the failure to allege an overt act is not a fatal defect in an indictment charging attempted illegal reentry under § 1326(a). *United States v. Resendiz-Ponce*, 127 S. Ct. 782, 787-88 (2007). Reasoning that the word "attempt" carries with it an implied allegation of an overt act in furtherance of the charged attempt, the Court concluded that such indictments satisfy the requirement of Federal Rule of Criminal Procedure 7(c)(1) that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* at 789.

**[2]** Therefore, notwithstanding its failure to allege an overt act toward reentry, Sanchez's indictment is not defective on that score. There was no error in denying the motion to dismiss.

### Speedy Trial Act

The second asserted error in this appeal is that commencement of Sanchez's trial one day after his first appearance on the superseding indictment, without his written consent, violated provisions of the Speedy Trial Act. *See* 18 U.S.C. § 3161(c)(2), (d)(1). We review the district court's application of the Speedy Trial Act de novo. *United States v. Karsseboom*, 881 F.2d 604, 606 (9th Cir. 1989).

**[3]** First, § 3161(d)(1) is of no help to Sanchez, because by its terms this provision applies only when an indictment is dismissed upon the defendant's motion and the defendant is subsequently reindicted. *See United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concur-

ring in the judgment); *United States v. Harris*, 724 F.2d 1452, 1454 (9th Cir. 1984).

**[4]** Section 3161(c)(2) is similarly unavailing. This portion of the Speedy Trial Act creates a thirty-day trial preparation safe harbor, guaranteeing that without a defendant's written consent, "the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel." 18 U.S.C. § 3161(c)(2). Because Sanchez failed to raise this issue below, we may review only for plain error. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Recio*, 371 F.3d 1093, 1099-1100 (9th Cir. 2004). Under the four-part test set out in *United States v. Olano*, 507 U.S. 725 (1993), we may notice error under Rule 52(b) only if we determine that: (1) there was "error"; (2) the error was "plain"; and (3) the error affected Sanchez's "substantial rights." *Id.* at 732-35. If these conditions are met, we may correct the forfeited error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (alteration in original) (internal quotation marks and citations omitted).

**[5]** Sanchez's argument fails on the first prong of the *Olano* test. Relying principally on *United States v. Harris*, 724 F.2d 1452 (9th Cir. 1984), Sanchez asserts that the thirty-day trial preparation clock restarts upon issuance of a superseding indictment, and does not begin running until the defendant's initial appearance on the new indictment. *Harris* does support Sanchez's position, as it construed § 3161(c)(2) as "guaranteeing that the defendant is not forced to trial less than thirty days from the date on which the defendant first appears *on the indictment on which the defendant ultimately goes to trial*." 724 F.2d at 1455 (emphasis in original).

**[6]** Unfortunately for Sanchez, the *Harris* analysis upon which he relies has been unequivocally rejected by the

Supreme Court. In *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), decided one year after *Harris*, the Court considered a decision which held, in express reliance on *Harris*, that a defendant was entitled to a new thirty-day trial preparation window following arraignment on a superseding indictment. *Id.* at 234. The Court noted that the statute's language "clearly fixes the beginning point for the trial preparation period as the first appearance through counsel," and "does not refer to the date of the indictment, much less to the date of any superseding indictment." *Id.* In light of the statute's clear language, the Court had "no choice but to conclude that Congress did not intend that the 30 day trial preparation period begin to run from the date of filing of a superseding indictment." *Id.*[2]

**[7]** We have no difficulty concluding that the statute's requirements have been met in this case. Sanchez's thirty-day trial preparation clock began to run on August 11, 2004, when he first appeared through trial counsel. This thirty-day period ended long before he went to trial on May 18, 2005. Thus, the commencement of Sanchez's trial one day after being arraigned on the superseding indictment was not error, much less "plain" error. Because Sanchez has failed to show any error in the commencement of his trial, we need not address the remainder of the *Olano* analysis.

**Sanchez's Prior Convictions**

Sanchez raises a pair of arguments challenging the district court's use of his prior convictions to enhance his statutory maximum sentence under § 1326(b)(2), and to calculate his advisory Guidelines sentencing range. He contends first that

---

[2]The Court found further support for its interpretation of § 3161(c)(2) in the surrounding statutory provisions, stating: "It is clear that Congress knew how to provide for the computation of time periods under the Act relative to the date of an indictment. Had Congress intended that the 30-day trial preparation period of § 3161(c)(2) commence or recommence on such a date, it would have so provided." *Rojas-Contreras*, 474 U.S. at 235.

he was entitled to a jury determination of the existence of his prior convictions. Second, he argues that because of the disproportionate impact his prior convictions had on his sentence in this case, the government was required to prove the priors beyond a reasonable doubt. Reviewing the constitutionality of his sentence de novo, *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir. 2004), we find no merit in Sanchez's arguments.

**[8]** Under *Almendarez-Torres*, a prior aggravated felony conviction does not have to be charged in an indictment, or proven to a jury, before it can be used for sentence enhancement pursuant to § 1326(b)(2). *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). Sanchez attempts to sidestep *Almendarez-Torres* here, arguing that while its rule applies to prior convictions that a defendant admits or does not contest, it should not apply when a defendant disputes the fact of a prior conviction. Because he "disputed" the fact of his prior convictions in the district court, Sanchez argues that he was entitled to a jury determination of their existence. However, we have consistently applied *Almendarez-Torres* to cases in which the defendant did not admit the prior convictions,[3] and the narrow distinction between "not admitting" and "disputing" a prior conviction has no bearing on the constitutional question of whether punishment may be enhanced when the court, rather than a jury, finds that a defendant has sustained a prior aggravated felony. Because *Almendarez-Torres* and our decisions applying it clearly permit a sentencing court to make this finding, we reject Sanchez's arguments to the contrary on the basis that he has "disputed," rather than merely "not admitted," his prior convictions.

**[9]** Independent of his failed jury determination argument, Sanchez argues that the government was required to prove the

---

[3]*See, e.g.*, *United States v. Beng-Salazar*, 452 F.3d 1088, 1090-91 (9th Cir. 2006) (citing *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005)); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414-15 (9th Cir. 2000) (as amended).

existence of his prior convictions beyond a reasonable doubt because of the tenfold increase in the statutory maximum sentence to which § 1326(b)(2) exposed him. However, under *Almendarez-Torres*, a prior aggravated felony conviction is not an element of the substantive offense of attempted reentry after deportation but is instead a sentence enhancement. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000). For this reason, the government need not prove its existence beyond a reasonable doubt. *Id.*; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

## Mistaken Statement at Sentencing

Citing *United States v. Jordan,* 256 F.3d 922, 931 (9th Cir. 2001), for the proposition that a defendant has a due process right not to be sentenced on the basis of materially incorrect information, Sanchez contends that the district court's "erroneous belief" that he had admitted the Yakima County trafficking conviction in a plea bargain constitutes a due process violation.

**[10]** Having heard testimony of a fingerprint-based FBI report tying Sanchez to each of the three prior convictions at issue, and having considered defense counsel's arguments and objections, the district court found that the Kern County misdemeanor conviction belonged to Sanchez. The court relied on the fact that it appeared on the same FBI rap sheet that "includes the delivery of a controlled substance offense in paragraph 22 [the Yakima County conviction], which the defendant has admitted occurred in the factual basis of the plea agreement." The district court was clearly mistaken, as no plea agreement was mentioned in the jury trial over which he had presided. However, we do not conceive of this misstatement as "materially incorrect information" upon which Sanchez was sentenced. The material element — the *fact of*

*conviction* — was not in dispute. Of the three prior convictions at play in this case, the Yakima County conviction is the only one Sanchez never denied. He would have no argument on this issue if the district court had merely referred to the conviction as one that he "did not contest," or "does not dispute," rather than stating that Sanchez "admitted" it occurred pursuant to a plea agreement.

## CONCLUSION

**[11]** The sufficiency of the indictment is no longer a viable challenge in this case. There was no violation of the Speedy Trial Act, nor were the sentencing judge's findings of Sanchez's prior convictions erroneous. Finally, the district court's misstatement at sentencing does not amount to a due process violation.

**AFFIRMED.**