**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James Reuben Norton BLACKEAGLE, Defendant—Appellant.**

No. 07–30315.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2008.*

Filed May 27, 2008.

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant James R.N. Blackeagle (Blackeagle) challenges the district court's denial of his motion to dismiss a second indictment pursuant to 18 U.S.C. § 3161 (Speedy Trial Act of 1974). Blackeagle asserts that, because the district court dismissed the first indictment without prejudice based on the government's request, the district court erred in applying 18 U.S.C. § 3161(d), thus resetting the Speedy Trial Act clock for the second indictment.

Unlike in *United States v. Harris,* 724 F.2d 1452 (9th Cir.1984), in this case it is clear that the court dismissed the indictment on Blackeagle's motion, not the government's. The district court resolved any ambiguity in its order by clarifying that it had granted Blackeagle's motion to dismiss. The docket also reflects that the district court granted Blackeagle's motion to dismiss, and not a motion made by the government. As a result, 18 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 3161(d)(1) applied to Blackeagle's case, and the district court's ruling was consistent with the Speedy Trial Act. *See United States v. Magana–Olvera,* 917 F.2d 401, 405 (9th Cir.1990); *see also* 18 U.S.C. § 3161(d)(1).

**AFFIRMED.**